## BILL DENMAN v. THE STATE.

No. 3621. Decided June 16, 1915.

Rehearing denied October 13, 1915.

**1.—Pandering—Soliciting Female—Illicit Intercourse—Sufficiency of the Evidence.**

Where, upon trial of soliciting and procuring a female to have unlawful sexual intercourse with a male person, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Accomplice—Corroboration—Consent of Female.**

Where, upon trial of unlawfully soliciting a female for purposes of unlawful sexual intercourse with other men, the evidence showed that the female was not the procuring cause, but that defendant, of his own motion, with the intent to commit the crime, approached her and solicited her to meet and have unlawful intercourse with other men, she was not an accomplice in the sense that her testimony needed corroboration; although she consented to the soliciting of the defendant.

Appeal from the County Court of Harris. Tried below before the Hon. C. C. Wren.

Appeal from a conviction of unlawfully soliciting a female to have sexual intercourse with other men; penalty, a fine of $50.

The opinion states the case.

*Heidingsfelders,* for appellant.

*C. C. McDonald,* Assistant Attorney General, *John H. Crooker,* and *E. T. Branch,* for the State.—Cited Richards v. State, 63 Texas Crim. Rep., 176; Liegois v. State, 73 Texas Crim. Rep., 142, 164 S. W. Rep., 382; Dowd v. State, 148 S. W. Rep., 304.

HARPER, JUDGE.—Appellant was tried by the court without a jury and adjudged guilty of soliciting and procuring a female, Margaret Clayton, to meet and have unlawful intercourse with a male person. The court adjudged him guilty and assessed his punishment at one month's imprisonment in the county jail and a fine of $50.

The only question raised that need be discussed is, do the facts sustain the judgment of the court? The State introduced but one witness, Margaret Clayton, and her testimony makes a case against appellant. The only question is, is she an accomplice to the crime, for if she is, her testimony is not corroborated in any essential particular. In fact, appellant by his testimony denies that he under any circumstances induced or procured Margaret Clayton to meet any man. The facts in this case are different from the facts in the companion case against appellant, in which he was charged with soliciting and procuring Grace Johnston to meet men for the purpose named, and in the case wherein Joe Dooms is charged with procuring Grace Johnston to meet men, in this: in those two cases Grace Johnston testifies she approached appellant and Dooms and solicited and requested them to make dates for her under an agreement by which Grace Johnston would pay them for so doing. In this case Margaret Clayton testifies she did not approach appellant and solicit him to make dates, but when she went to the Capitol Hotel and secured a room, appellant approached her and asked "if there was anything doing," and upon her telling him yes, it would be all right, he proceeded to make dates with men, and would come and carry her to the rooms of the men, or would give her the number of the room and she would go.

It is thus seen that in this case the woman did not instigate the crime—she was not the procuring cause, but appellant of his own motion, with the intent to commit the crime, if it was agreeable with the woman, approached her. If an act of intercourse was essential to a completion of the offense, it might well be contended that even under such circumstances she would be such a party to the crime as to require that her testimony be corroborated before a conviction was authorized. But the statute makes it an offense to "solicit and procure" even though an act of intercourse should not occur—if intervening causes

should prevent the sexual intercourse. For, if appellant should solicit a woman to go with him to any place to meet a man for the purpose of engaging in carnal intercourse, he would be guilty even though the woman refused, and the fact that she consents does not make her an accomplice, for his offense was complete when he made the solicitation. The Code provides, article 498, it shall be unlawful to invite, solicit, procure or use any means for the purpose of alluring or procuring any female to meet a man for the purpose of having sexual intercourse with him. Margaret Clayton testified: "I know the defendant, Bill Denman, who occupies the position of porter and bell boy at the Capitol Hotel. He was a negro porter at said hotel at the time stated. On or about the 9th of January, 1915, I did go with Bill Denman, defendant, from the place or room in which I was stopping to another part or room there in the Capitol Hotel, Houston, Harris County, Texas, for the purpose of having unlawful sexual intercourse with a man. Bill Denman had a conversation with me, which caused me to go to some other place or room in said hotel. He asked me if there was anything doing and I told him yes, by which I meant that I would fill dates with men up there. That is, that I would meet them and have unlawful sexual intercourse with a man, not my husband. The part that defendant had with it, was that he would come to my room and tell me where to go,—tell me the number of the room to go to." On cross-examination she testified: "The defendant knew I would make dates because he asked me 'if there was anything doing,' and I told him, yes. The defendant asked me if I would meet men. I did not ask him first—never had seen him before. He just asked me, 'anything doing?' and I told him yes." It is thus seen she was not the instigator in this instance—not the procuring cause for the crime to be committed, and the evidence does not bring this case within the rule announced in the companion case and the case against Joe Dooms. The evidence not showing that she was an accomplice to the crime of soliciting and procuring, her unsupported testimony will support a conviction, and the judgment is affirmed.

*Affirmed.*

[Rehearing denied October 13, 1915.—Reporter.]