MAMIE JEFFERSON v. STATE.

No. A.-3986. Opinion Filed Sept. 11, 1922.

(208 Pac. 1038.)

(Syllabus.)

1. Prostitution—Pandering — Evidence Insufficient — Attempt to Commit Pandering as Proper Issue.

Evidence examined, and held insufficient to support a conviction of pandering under the charge contained in the information. Held, further, that the trial court should have submitted the issue of the attempted offense.

**2.   Same—Attempt to Commit Pandering as an Offense.**
The nature of the crime of pandering is not such as to preclude the possibility of an attempt.

Appeal from District Court, Pittsburg County; Harve L. Melton, Judge.

Mamie Jefferson was convicted of pandering, and she appeals. Reversed and remanded.

Wallace Wilkinson, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, J. This is an appeal from the district court of Pittsburg county, wherein, on the 17th day of January, 1921, plaintiff in error was convicted of the crime of pandering, and sentenced to serve a term of four years' imprisonment in the state penitentiary and to pay a fine of $300. The charging part of the information is as follows:

"That Mamie Jefferson did, in Pittsburg county and in the state of Oklahoma, on or about the 29th day of August, 1920, and anterior to the presentment hereof, then and there willfully, wrongfully, unlawfully, and feloniously, by promising to one Gladys Britton, then and there a female person under the age of 16 years, that she could make money by entering and being an inmate of a house of prostitution, to wit, the Leader rooming house at McAlester, Oklahoma, and by furnishing to her a lunch free of charge after midnight on such date, did persuade and encourage the said Gladys Britton to become and be an inmate of said house of prostitution, contrary," etc.

That portion of the statute defining pandering which is applicable to this prosecution reads as follows:

"Any person who * * * by promise, threats, violence, or by any device or scheme, shall cause, induce, persuade or encourage a female person to become an inmate of a house of prostitution * * * shall be guilty of pandering, and upon conviction

\* \* \* shall be punished by imprisonment in the state penitentiary for a period of not; less than two years nor more than twenty years, and by a fine of not less than $300 and not to exceed $1,000.'' Rev. Laws, § 2425.

The undisputed facts in the case, material to the decision thereof, are in substance as follows: On the night of August 30, 1920, Gladys Britton and Nell Stubblefield, two girls 15 years of age and residents of the city of McAlester, Okla., went to the Leader rooming house in the city at about 11 o'clock at night to get a room to stay all night. The rooming house was located on South Main street, up a stairway, above a hardware store. These girls went up to the rooming house, but did not have enough money to pay for a room, and came back down and afterwards procured enough money to pay for the room, and returned, registered under fictitious names, and were shown to their room by the porter of the rooming house. The room assigned them was next adjoining a room occupied by the plaintiff in error, with a door opening between the two rooms. Plaintiff in error was a prostitute, and the Leader rooms had the general reputation of being a house of prostitution.

While the girls were undressing to retire, plaintiff in error knocked on the door between the two rooms, and was granted admission to the room occupied by the two girls. After she came into their room, she asked the girls if they desired to make all night dates with men, and told them they could get $10 a night to make an all night date with a man, and that they would have to give the porter $2.50 of the money. In this connection, plaintiff in error showed the girls a roll of money, amounting to about $50, which she claimed to have made in a similar way, also some diamonds and other jewelry she was the girls were led to believe had been made by him in procuring

assignations for girls with men in that house. The plaintiff in error also procured a lunch, consisting of some sandwiches, for these girls after they had announced that they were hungry, and after staying in the room with the girls for an hour or more plaintiff in error retired to her room, and the girls retired to their bed without engaging in any act of sexual intercourse in the house, and in the early morning the girls arose, went into the room of plaintiff in error, arranged their toilet, and departed. This was the only occasion the girls were ever in that rooming house, so far as the evidence discloses, and it is on this evidence that the conviction is based.

Among other assignments of error, it is contended that the evidence is insufficient to sustain the conviction. With this contention the court very reluctantly concurs. At most the evidence only discloses an attempt to commit the crime of pandering as defined by the statute above quoted. In the case of Abrams v. State, 13 Okla. Cr. 11, 161 Pac. 331, in construing the pandering statute, this court said:

"The gist of this offense is not that a woman is in a house of prostitution, but that she has been procured or induced by some means named in the statute to enter or remain in a house of prostitution. * * * There might be a promise made to a female, which would be so insignificant and trivial that it would appear upon its very face that it was not the inducement or procuring cause of her entering or remaining in such house of prostitution, but that she in fact entered or remained in such house of prostitution of her own volition, and not by reason of such trifling and trivial promise, which the court could see at once was too insignificant to influence the conduct of any human being."

In the instant case, the gravamen of the offense as charged in the information, and covered by that portion of the statute above set out, is that the prosecuting witness, by a promise of remuneration, was persuaded and encouraged to become an

inmate of a house of prostitution. It is not here alleged that the plaintiff in error procured the prosecuting witness to enter a house of prostitution, or, having entered a house of prostitution, procured, persuaded, induced or encouraged the said prosecuting witness to remain therein as an inmate; hence such portions of the pandering statute are not in issue in this case. The evidence here discloses that the prosecuting witness, of her own volition, entered this rooming house. She had no intention of entering the same for purposes of prostitution, nor did she become an inmate thereof. True, the plaintiff in error encouraged the prosecuting witness to remain in said house (after she had entered it voluntarily) as an inmate thereof for the purpose of prostitution; but her efforts in this respect failed, because the prosecuting witness refused to do so. We think, at most, therefore, that the evidence discloses that the plaintiff in error is guilty only of an attempt to commit the crime as charged in the information, and that the trial court should have submitted to the jury the question of the guilt of the plaintiff in error of the attempted offense, as authorized by sections 5923 and 2803, Revised Laws 1910.

That the nature of the crime of pandering is not such as to preclude the possibility of an attempt, see People v. Grubb, 24 Cal. App. 604, 161 Pac. 1051. It is the opinion of the court, therefore, that the evidence is insufficient to sustain the verdict and judgment convicting plaintiff in error of the completed offense of pandering; that at most the evidence only discloses an attempt on the part of the plaintiff in error to commit the crime; and, for the reasons stated, the judgment is reversed, and the cause remanded to the district court of Pittsburg county for further proceedings not inconsistent with this opinion.

DOYLE, P. J., and BESSEY, J., concur.