# Commonwealth *v.* Pizzarella, Appellant.

*Criminal law—Pandering—Sections 1 and 3 of the Act of June 7, 1911, P. L. 698—Evidence—Charge—Sentence.*

In the trial of an indictment for pandering, under sections 1 and 3 of the Act of June 7, 1911, P. L. 698, it is error for the court to

charge that the jury might convict if they found that defendant encouraged any act of prostitution, or knowingly received money which was the result of earnings of an act of prostitution.

The mere encouragement of a female person to commit an act of prostitution is not the same as encouraging her to become a prostitute, nor is it a violation of section 1 of the Act of 1911.

The third section of the Act of 1911, which provides that any person who shall knowingly accept, receive, levy or appropriate any money or other valuable thing, without consideration, from the proceeds of the earnings of any woman engaged in prostitution, is not violated by the receipt of money by one who knows it represents the earnings of prostitution, unless such receipt is for the use and benefit of the receiver.

In the trial of such an indictment the woman induced to commit the act of fornication may testify that she had illicit intercourse and that she received money therefor.

The penalty prescribed by the Act of 1911, is imprisonment only and it is error to include a fine.

Argued November 9, 1925. Appeal No. 81, April T., 1926, by defendant, from verdict and sentence of Q. S. Indiana County, June Sessions, 1925, No. 115, in the case of Commonwealth of Pennsylvania v. Rosie Pizzarella. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Indictment for pandering. Before LANGHAM, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned,* among others, were the charge of the court and the sentence imposed.

*B. A. Sciotto,* for appellant.

*L. E. Miller,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., April 19, 1926:

The Act of June 7, 1911, P. L. 698, defines and prohibits the offense of pandering. Its first section de-

clares that any person who shall induce, persuade, encourage, inveigle or entice a female person to become a prostitute, shall be guilty of that offense. The third section declares that any person who shall knowingly accept, receive, levy or appropriate any money or other valuable thing, without consideration, from the proceeds of the earnings of any woman engaged in prostitution, shall be guilty of a felony. Appellant was prosecuted under this act. The indictment against her contained, two counts, one drawn under the first Section and the other under the third Section of the act, and she was found guilty on both. On this appeal her contentions are that: (1) The evidence was insufficient to sustain the conviction; (2) There was error in the admission of certain evidence; (3) There were errors in the charge; (4) The sentence is not warranted by the act.

(1) Was and is the evidence sufficient to sustain the charges in the indictment? The only witness called by the Commonwealth whose evidence tended to establish the charges was Teresa Telk, a girl of sixteen years. She testified as follows: She was living in a room in a boarding house at Fifth and Philadelphia Streets, Indiana, Pennsylvania, and worked at the Indiana House. She knew the defendant who had an apartment above the Strand Theatre on Philadelphia Street. On the evening of July 17, 1925, after it was dark one Sam DiMario met her in front of the Strand Theatre and invited her and the defendant to take a ride in his automobile. They drove out of the town to the West Pike School House, where they stopped and met three men who had followed them from Indiana in a car. DiMario got out of the car and talked to the men, and she and the defendant sat in the car until DiMario came back and called her. She got out and went across the road where DiMario proposed to her that she have intercourse with these men for money. She committed fornication with one and received $5 for

it. When DiMario called her, the defendant asked her if she had to go along, and she said "No." She gave DiMario $2.50 when they were standing back of the car. The defendant did not see this. Then they went home and there was no conversation on the way about what had happened. A few days later DiMario invited her and the defendant to drive with him to Marion Center. He said he was going to deliver some whiskey to two men. When they arrived at Marion Center, they met two men, with one of whom she had illicit intercourse and received $5. She offered half of the money to DiMario who told her to give it to the defendant. She handed the money to defendant, who said "Am I to keep it?" DiMario said "Hold it until we get out of here." On the way home the defendant gave the money to DiMario. The defendant did not suggest that she commit any improper act and did not know what she was going to do and did not see what she did on either occasion. The defendant testified that she had no knowledge of the immoral actions of Teresa Telk on either occasion, and that when they arrived in Indiana from the second trip and Teresa Telk had left them, she gave DiMario the money which had been handed to her by the girl. After a careful consideration of this evidence, we are of opinion that it would support a finding that the defendant acted in concert with DiMario in encouraging the girl to become a prostitute, and that she knowingly received money from the proceeds of one engaged in prostitution.

(2) There is no merit in the complaint that Teresa Telk was permitted to testify that she had illicit intercourse with a man when they were at West Pike School House, and got $5 for her act. The evidence was a step in proving that the defendant induced or encouraged the girl to become a prostitute, and in proving that the defendant knowingly received money from the proceeds of one engaged in prostitution.

(3)  In submitting the question of the defendant's guilt to the jury on the first count of the indictment, the learned trial judge said: "Now it is for you to determine whether she (the defendant) knew and by those acts, by her presence, whether she encouraged any act of prostitution on the part of this young girl....... It seems to me that this is a fair proposition for the jury to determine." Later he said: "If you are satisfied that she encouraged the act of prostitution, but did not receive the money knowing that it was the result of earnings from an act of prostitution, then you would be warranted in finding her guilty on the first count and not guilty on the second." We think that this instruction as to the first count was wrong.  The Act of 1911 is a highly penal statute and must be strictly construed.  The duty of the courts is to see that it is confined to the particular species of immorality intended to be suppressed by it: Com. v. Lavery, 247 Pa. 139; Com. v. Fideli, 81 Pa. Superior Ct. 79.  We said in the Fideli case that the meaning of the first section of the act is that it is unlawful to cause a person to become a public prostitute, or to become an inmate of a house of prostitution, or place of assignation.  The meaning of the word prostitute is well understood and was definitely declared in Com. v. Lavery, supra, as "not mere fornication or adultery confined to one man, but indiscriminate illicit intercourse for hire with any man seeking it." The mere encouraging of a female person to commit an act of prostitution is by no means the same as encouraging her to become a prostitute.  The procuring of a strumpet to submit to sexual intercourse does not amount to inducing her to become a prostitute, for she is one already.  The word "become" is an important one in the offense charged in the first count.  Whether the enticing or encouraging of a female to commit an act of prostitution amounts to an enticing or encouraging her to become a prostitute is a question of fact

under the evidence in the case. While in the case in hand the girl, Teresa Telk, was only sixteen years of age and there is no direct evidence against her chastity when the offense charged was committed, the circumstantial evidence points strongly against it. It seems very clear, therefore, that the submission of the question whether the defendant encouraged her to commit an act of prostitution was not sufficient. The defendant was entitled to an instruction that she could not be convicted in the first count unless the jury found that she encouraged the girl to become a prostitute.

In submitting to the jury the question of defendant's guilt on the second count of the indictment the learned trial judge said: "We submit the question, did she knowingly—did she know that that money was the result of earnings of an act of prostitution? If you are satisfied beyond a reasonable doubt of these facts, then she is guilty in manner and form as indicted." This instruction was insufficient and inaccurate and was apt to mislead the jury. The gravamen of the offense of knowingly receiving any of the proceeds of the earnings of a woman engaged in prostitution is a receiving for the use and benefit of the receiver. The taking into one's hands of money known to have been so earned, for the sole purpose of transferring possession of it to another is not the offense which the third section of the Act of 1911 prohibits. Under the learned judge's charge the jury were warranted in convicting the defendant on the second count of the indictment, although they were satisfied by the evidence that she did not receive the money for her own use, did not keep it and did not profit by the transaction. For these reasons we are constrained to hold that the learned judge fell into error.

(4) The sentence was that the defendant pay a fine of $100 and undergo imprisonment for not less than six months nor more than one year. The penalty

prescribed by the Act of 1911 is imprisonment only. Therefore the sentence is illegal and cannot stand.

The seventh, eighth, ninth and tenth assignments of error are sustained. All of the others are overruled.

The judgment is reversed and a new trial awarded.