Commonwealth *v.* Stingel, Appellant.

Argued September 25, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Edward E. Petrillo,* for appellant.

*Burton R. Laub,* District Attorney, for appellee.

'OPINION BY JAMES, J., December 15, 1944:

Appellant was indicted in the language of §513 of the Penal Code, Act of June 24, 1939, P. L. 872, 18 PS Supp. §4513, which declares: "Whoever ...... induces, persuades, encourages, inveigles, or entices a female person to become a prostitute;...... is guilty of pandering, ......" The jury returned a verdict of guilty, and after dismissing motions for arrest of judgment and for a new trial, the court imposed sentence.

The evidence is undisputed. Appellant, operator of an ice cream and soft drink parlor in the City of Erie, suggested to three young women, respectively 17, 18 and 19 years old, that for pay they indulge in sexual intercourse with a man then in defendant's place of business, and on a prior occasion suggested to two of the young women sexual intercourse with a man then in a room in the Ford Hotel. The young women demurred. Upon complaint to the police, defendant signed a statement, admitted in evidence, which corroborated much of the testimony of the young women. Did appellant by this conduct induce, encourage or persuade a female person to become a prostitute?

Appellant's principal argument is based on the definition of prostitution as the act or practice of offering of a female body for hire to men for indiscriminate sexual intercourse, as expressed in *Com. v. Lavery,* 247 Pa. 139, 142, 93 A. 276, and adhered to by this court in *Com. v. Pizzarella,* 88 Pa. Superior Ct. 233; *Com. v. Zampogna,* 81 Pa. Superior Ct. 74; *Com. v. Fideli,* 81 Pa. Superior Ct. 79; *Com. v. Katz,* 138 Pa. Superior Ct.

50, 10 A. (2d) 49, implying sexual intercourse with a number of men rather than with one man only. Suffice it to say that this judicial definition was enunciated prior to the passage of the present statutory definition which describes prostitution as "the offering or using of the body for sexual intercourse for hire." Act of June 24, 1939, P. L. 872, §103, 18 PS Supp. §4103. Insofar as indiscriminate cohabitation is no longer necessary, the legislature has broadened the compass of the term. Though limiting his solicitation to sexual intercourse with but a single man on each occasion, appellant may still be guilty of inducing a female to become a prostitute by using her body for sexual intercourse for hire.

Appellant further contends that besides an inducement to become a prostitute, a *successful* enticement which results in the debauchery of the female party is also among the elements of the offense. He would have us add to the language of the Act the words "so as to cause her" to become a prostitute. His interpretation, however, seems to be precluded equally by the different meaning of similar language in another clause of the same section and by the context of the phrase. Phases of pandering include both the procuring of "a female inmate for a house of prostitution" and the inducing of a female person "to become an inmate of a house of prostitution." Some distinction must exist between these two crimes or the legislature is guilty of repetition and surplusage in the same clause. "It is axiomatic that 'every law shall be construed if possible to give effect to all its provisions.' This principle has been codified by legislative enactment: Act of May 28, 1937, P. L. 1019, Art. IV, §51, 46 PS §551. Section 52, 46 PS §552 codifies the equally familiar rule that in ascertaining the legislative intent it may be presumed 'that the legislature intends the entire statute to be effective and certain.'" *Com. v. Hubbs,* 137 Pa. Superior Ct.

229, 239, 8 A. (2d) 611. Apparently in the former case an actual procurement must occur, while in the latter, mere solicitation, however unsuccessful, to become an inmate of a house of prostitution, is being punished. Following the rule that a word or phrase, the meaning of which is clear when used in one place, will be construed to mean the same elswhere in the same section of the act, *Ryan v. State*, 174 Ind. 468, 92 N. E. 340; 50 American Jurisprudence, Statutes, §271, p. 259; 36 Vale Penna. Digest, Sec. 209, page 304, it seems that the felony of inducing a female to become a prostitute is also complete in the presence of enticing or persuasive language, and that the word "become" does not refer to a result additional to the inducement, but is limited to describing the subject matter of the inveigling.

Despite the variety of activities which are described as pandering, common to all is the recruiting of human material for the exercise of prostitution, either by the taking of females whether harlot or chaste, to a bawdy house, or from one bawdy house to a new one, or by the inducement or persuasion of untarnished females into the practice. The gist of the offense is not alone the practice of prostitution but the spread of prostitution, and whether the female becomes debauched or not is unimportant in view of the emphasis on punishing the promotion and expansion of the vicious evil. To sustain appellant's position, we would have to hold that before the Act became effective, the law would have to wait until the very thing it seeks to prevent has taken place. Consequently, however strictly we may wish to construe the statute, it is impossible to overlook the import and context of the phrase.

The assignments of error are overruled and the judgment is affirmed and the said Fred Stingel is directed to appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it that had not been performed at the time the appeal was made a supersedeas.