## Lehighton Borough Election

*Daniel P. Dougherty*, for petitioners.

*W. Joseph Engler*, for respondents.

GEARHART, P. J., specially presiding, October 13, 1949.—This is an election contest instituted under the provisions of article XVII of the Pennsylvania Election Code of June 3, 1937, P. L. 1333. Petitioners are citizens and qualified electors of the Borough of Lehighton, Carbon County, Pennsylvania, who voted therein for the office of tax collector of the borough. Respondents are the Carbon County Board of Elections and John A. Xander. To the petition respondent John A. Xander has filed an answer in the nature of a demurrer raising

questions of law. The facts are not disputed, and they may be summarized as follows:

The primary election was held in the Borough of Lehighton, Carbon County, Pa., on September 13, 1949. At that election John A. Xander received 376 votes for the office of tax collector of the borough. William T. Noll received 316 votes for that office. John A. Xander has been duly returned as nominated by a majority of 60 votes. Both candidates sought the nomination of the Republican Party for such office. It is admitted that John A. Xander, while a candidate for the nomination at the primary election, also served as clerk for the majority inspector at the polls located in the first ward of the Borough of Lehighton. Petitioners charge that the 376 votes received by John A. Xander represent an illegal return and an illegal nomination, and that the return and the nomination are "false, fraudulent and illegal and that they contest his right to said office of tax collector".

Petitioners base their contentions on the following provision of the Election Code of June 3, 1937, P. L. 1333, sec. 402, 25 PS §2672:

"Election officers shall be qualified registered electors of the District in which they are elected or appointed. No person shall be qualified to serve as an election officer who shall hold, or shall within two months have held, any office, appointment or employment in or under the Government of the United States or of this State or of any city, county, borough, township, incorporated town, school district, poor district, of any municipal board, commission or trust in any city, save only justices of the peace and aldermen, notaries public and persons in the militia service of the State; *nor shall any election officer be eligible to any civil office to be voted for at a primary or election at which he shall serve, except that of an election officer.*" (Italics supplied.)

Respondent, John A. Xander, has filed a demurrer in which he raises a number of legal questions, among them being the one denominated "Second", wherein it is stated:

"No disqualification to hold office and, a fortiori, to be a candidate or to be nominated for the office is set forth which will support petitioners' challenge of illegal nomination in that a clerk of or for an inspector of election is not an election officer within the meaning and application of the provisions of the Election Code relied upon by petitioners as a basis for alleged disqualification."

We will consider this item of the answer first, for the reason that if a clerk for an inspector of an election is not an election officer within the meaning of the code, then there is no basis for this proceeding. It is not contended that there was any fraud in the casting or the tabulating of the ballots or the return thereof to the election board, nor any misconduct on the part of respondent. It is contended, however, that John A. Xander, because he served as clerk, has disqualified himself from receiving the nomination; this because of the provisions of the code which we have just quoted.

The question then becomes pertinent whether a clerk to the inspector is an "election officer" within the meaning of the code. The Election Code of June 3, 1937, as the name implies, is a single legislative enactment covering the election laws of the State. The code itself repeals many laws relating to elections enacted as early as 1717 and continuing down to the year 1935. See 25 PS §3591. The term, "election officer", occurs frequently throughout the code. And, of course, in construing the meaning of a recurrent expression, a consistency therein should obtain if possible. The Statutory Construction Act of May 28, 1937, P. L. 1019 of Pennsylvania, 46 PS §562, provides:

"Laws or parts of laws are in pari materia when they relate to the same persons or things or to the same class of persons or things. Laws in pari materia shall be construed together, if possible, as one law."

And in Bonomo Unemployment Compensation case, 161 Pa. Superior Ct. 622, it was held that where the meaning of a word or phrase is clear as used in one section of an act, it shall be construed to mean the same thing in another section of the same act. See Commonwealth v. Stingel, 156 Pa. Superior Ct. 359, 362.

In article I of the Election Code, a number of definitions are given; however, there is no definition provided for the term "election officer". The meaning of the term must therefore be sought from its frequent usage throughout the code in comparing it with corresponding contexts as found in the code. This we think will serve as a guide to discover the legislative intent with respect to who should be included in the term "election officer".

Petitioners, in support of their position that a clerk is an election officer, have cited Commonwealth ex rel. v. Meeker, 15 D. & C. 189; at first glance this would seem to support petitioners' contention that a clerk is an election officer. However, upon examination of the case, it is found that the action was brought under the provisions of the Act of June 26, 1895, P. L. 392, which provides, inter alia, "that no inspector, judge or *other officer* of any such election shall be eligible to any office to be then voted for except, that of an election officer". It is to be observed that in the act the legislature plainly stated that in addition to the inspector and judge, who were ineligible to any office to be then voted for, there should be included "or other officer". The implication is clear that in addition to judges and inspectors of election, others should be included.

In Commonwealth v. Ziert et al., 4 Pa. C. C. 394, 396, it was held that the clerks to the board of election

are not officers of the election; they are the appointees of the inspector of election. Judge Pershing in that case, points out that the Constitution, article VIII, sec. 14, provides " 'that district election boards shall consist of a judge and two inspectors, who shall be chosen annually by the citizens' ", and that under the election law then enforced, each inspector was required to appoint a clerk.

We have heretofore stated that no definition of the term "election officer" is found in the code itself. However, several instances occur in the code which seem to demonstrate that by the phrase "election officer", the legislature did not intend to include clerks. In a number of instances, the enumerated persons to whom the provisions apply, the direction is to "election officers, clerks, etc.". In the code there is repeatedly shown a specific identification of clerks from the category of "election officer". The following sections of the code, as found in 25 Purdon's Statutes, inter alia, are illustrative:

"Section 2683: District election officers, clerks, machine inspectors and overseers shall be privileged from arrest. . . .

"Section 2880: Primaries shall be conducted by the district election officers, clerks and machine inspectors. . . .

"Section 3060: No elector, except an election officer, clerk, machine inspector or overseer, shall be allowed. . . .

"Section 3061: After the polls are closed . . . the election officers, clerks and overseers, if any, shall remain. . . ."

Sections 3067 and 3508 also indicate the differentiation of clerks from election officers.

The terminology of other sections of the code supports the contention that clerks were not contemplated by the legislature in the enactment of the provisions

relating to election officers. For example, section 2752, in the relevant part, provides as follows: "All . . . election officers shall be elected at the municipal election". It would be most absurd to contend that the legislature in section 2752 meant to include clerks in the term "election officers", for if this were so, then a clerk could become a candidate at a primary election and could insist that his name be entered on the ballot as a candidate. This we know is not so.

A well-known rule of construction must be given force and effect, namely, that the intention of the legislature is not to bring about a result that is absurd and unreasonable.

Counsel for petitioners argues with great earnestness that the particular legislation which we are now discussing was enacted "not only to prevent actual fraud and dishonesty at elections, but also to prevent any appearance or semblance of such fraud and dishonesty". He argues that the clerk, if so disposed, is in just as favorable a position to commit an election fraud as is the judge of election or the inspector, and that therefore we should rule that he is an election officer within the meaning of the code. However, the answer to this is that while we may agree with the philosophy of the argument of counsel, it is not for us as a court to inject our own personal views into the matter and say what the laws should be. It is our duty to construe the legislative language and from it arrive at the intention of the legislature. In doing this, we conclude from the manner in which the phrase "election officer" has been repeatedly used in the Election Code, and to which we have adverted, that the legislature did not intend to embrace clerks within the meaning of the term "election officers". Furthermore, since the legislature saw fit to exclude from the code the all-embracing phrase "no inspector, judge, *or other officer* of any

such election", as found in the Act of June 26, 1895, P. L. 392, we must conclude that they intended to change the law. From the context of the code as illustrated, election officers would include only those duly elected, namely, the judge and inspectors. It would be presumptuous upon the part of the court to extend the class beyond that created by the legislature, simply because the court thinks they should be included. This is a matter entirely for the legislature and it cannot be doubted that they had the right to say who should be embraced in the class.

Thus, in Finley v. McNair et al., 317 Pa. 278, at page 281, the Supreme Court has said; "Our cases have distinguished such 'officer' from 'subordinate ministerial agents or employees' ". It is clear from the code itself that the capacities, obligations, and responsibilities of a clerk are inferior to those of judges and inspectors of election, and that because of this subordination, apparently the legislature felt that clerks as ministerial officers should not be regarded as election officers within the meaning of the code, as found in 25 PS §2672. See also Commonwealth v. McCue, 46 Pa. Superior Ct. 416, and cases therein cited, where distinction between officers and subordinate agents or employes has been made.

Accordingly, we rule that John A. Xander, because of his services as clerk to the inspector of election at the primary election held on September 13, 1949, was not therefore ineligible to be voted for as a candidate for the office of Tax Collector of the Borough of Lehighton, and further, that John A. Xander, by reason of having served as clerk, was not an election officer within the meaning of section 402 of the Election Code of 1937. Accordingly, we enter the following decree:

Now, October 13, 1949, the action instituted by petitioners is dismissed. Likewise, the rule granted on

the petition is dismissed and the order entered on October 1, 1949, is vacated in its entirety. Costs to be paid by the petitioners.