# STATE v. GATES.

No. 7474. Decided August 31, 1950. (221 P. 2d 878).

See 50 C. J., Prostitution, Sec. 16. Encouragement to become prostitute as pandering, 74 A. L. R. 315. See, also, 42 Am. Jur. 264.

*Dean N. Clayton, George B. Handy,* Ogden, for appellant.

*Clinton D. Vernon,* Attorney General, *Robert S. Richards,* Assistant Attorney General, *Bryce E. Roe,* Assistant Attorney General, for respondent.

WADE, Justice.

Ernie Gates was convicted of the crime of pandering, a felony, and he appeals. The record discloses that Ernie Gates approached a young woman in a bar on 25th Street in Ogden, Utah, and proposed to give her a job in Bend, Oregon, and outlined to her tremendous financial advantages she could obtain by becoming a prostitute therein. He then made an appointment to meet her later that evening, which she kept, and went to his room with him where he furnished her with pertinent information about details of the "trade." The young lady did not accept the proferred job but at the end of about two hours of conversation, some police officers, by previous arrangement with her, arrived and arrested appellant.

Sec. 103—51—8, U. C. A. 1943, reads as follows:

"*Any person who procures a female inmate for a house of prostitution;* or induces, persuades, *encourages,* inveigles or entices *a female person to become a prostitute;* or who by promises, threats, violence, or by any device or scheme, causes, induces, persuades, encourages, takes, places, harbors, inveigles or entices a female person to become an inmate of a house of prostitution or assignation place, or any place where prostitution is practiced, encouraged or allowed  *  *  * *is guilty of pandering, and shall be punished by imprisonment in the state prison for a term of not more than twenty years.*" (Emphasis ours.)

*Appellant was charged with having* induced, persuaded, *encouraged,* inveigled and enticed *a female person to become a prostitute.* The court in instructing the jury said in its Instruction No. 1:

"In this case the court instructs you that the defendant has been charged by the information that he persuaded and encouraged and inveigled Beverly Willis to become a prostitute. At the time—this was about September 29, 1949. At the time there was on the statute books of the State of Utah a law which made it a felony to try to induce or entice or encourage a female to become a prostitute."

Appellant asserts the giving of this instruction was prejudicial error because under that part of the statute which appellant was charged with violating the law does not provide that it is a crime to try to induce or persuade or encourage a female to become a prostitute, but requires that the female not being a prostitute change her condition and become one because of the acts charged. In support of this contention appellant cites *State* v. *Topham,* 41 Utah 39, 123 P. 888; *State* v. *Mantis,* 32 Idaho 724, 187 P. 268; *People* v. *Cook,* 96 Mich. 368, 55 N. W. 980; and *Jefferson* v. *State,* 21 Okl. Cr. 388, 208 P. 1038.

In the Topham case this court set aside the conviction because the information upon which it was based was fatally defective. In the course of its opinion it reviewed the evidence and indicated it might not have been sufficient to sustain a conviction because it failed to prove that the complaining witness remained an inmate of a house of prostitution because of any promise or inducement of

the defendant, but proved at most that the complaining witness was not discouraged from following the course she herself had determined to take, and that if she wished to remain, the defendant promised to help her. This is no authority for the proposition that under our statute the arts and blandishments of the accused must result in a change of condition or status of the female in order to sustain a conviction.

In the Mantis case, the Idaho court merely held that where the woman suggested the proscribed acts and the accused merely consented, it was a case of entrapment and the accused could not be convicted of the crime.

In the Cook case the Michigan court held that a person could not be guilty of the crime of soliciting a female to enter a house of prostitution for the purpose of becoming a prostitute where such person was already an inmate of such a house, because that court was of the opinion that under its statute, the word, "becoming" in the phrase "for the purpose of becoming a prostitute" implies a change of condition or status, which could not occur in the case of one already a prostitute. Although the wording of the Michigan statute is unlike ours, the reasoning in that case would appear to sustain appellant's contention.

The Jefferson case also seems to support appellant's argument. In that case the complaining witnesses had voluntarily rented a room for the night in a rooming house which had the general reputation of being a house of prostitution. While there, the defendant in that case tried to induce her by a promise of payment of money to make all night dates with men. She did not do so, but left the next morning. The defendant was charged with violating that portion of Oklahoma's statute which made it a crime to by means of promises, threats, violence or by any device or scheme, to cause, induce, persuade or encourage a female person to become an inmate of a house of prostitution. The

Criminal Court of Appeals of Oklahoma held that the state had failed to prove a case, because although the complaining witness had been enticed and encouraged by the defendant to remain in the house of prostitution, the accused failed in her efforts and the most she could be guilty of under the circumstances was an attempt to commit the crime charged.

This court, however, is not inclined to follow the reasoning of the Cook or Jefferson cases discussed above. In our opinion, statutes, such as our Sec. 103—51—8, U. C. A. 1943, are enacted for the protection of the public and are meant to discourage the nefarious activities of persons who seek to foster immorality and prostitution. Under our statute the crime is complete when a person

"encourages a female person to become a prostitute."

Success is not a necessary component of the crime. There is nothing in the wording of the statute which requires that the woman who is encouraged, to become a prostitute, must actually become one in order for the person so doing to be guilty of the crime. It is the act of encouragement, persuasion or inveiglement which is forbidden. To the effect that solicitation of unlawful intercourse, even though refused, is sufficient to complete the crime. See *Denman* v. *State,* 77 Tex. Cr. R. 395, 179 S. W. 120 and *Day* v. *State,* 70 Ga. App. 819, 29 S. E. 2d 659, 660, wherein the court said:

"* * * in an accusation for soliciting for a prostitute the gist of the offense is the harm done society by such unlawful solicitation, and not an injury to the individual solicited."

Our position in this respect is strengthened by the wording of the statute and the charge in the information. In the statute as quoted above, we have emphasized the words which indicate that it is sufficient to merely try without success to induce a female to become a prostitute. Read-

ing the emphasized portion of the statute alone it reads:

"Any person who encourages a female person to become a prostitute is guilty of pandering."

The word "encourages" as there used does not require that the female accept the proposition as do most of the other verbs with somewhat similar meaning which are used immediately before and after that word. Generally it is recognized that when a statute uses a number of words which vary slightly in meaning it is intended that each word is used to add a little different meaning to the sentence which is intended to cover the meaning of all of the words used. Under this construction even though a person in order to entice, induce, inveigle or persuade a person to become a prostitute may, by the meaning of those words, require that the person change her mode of life, no such requirement as that is necessary for a person to be encouraged to become something different from what she previously was.

All that is necessary under the meaning of that term is that the other person attempt or try to persuade her to change her course of life.

See also *Commonwealth* v. *Stingel,* 156 Pa. Super. 359, 40 A. 2d 140, 141, wherein in the Superior Court of Pennsylvania in construing a statute almost identical to ours, pointed out that such a statute contains both a clause making the *procurement* of a female inmate for a house of prostitution and a clause making the act of encouraging a female to become an inmate of a house of prostitution, an offense, and that it would fail to give full effect to the entire statute if it construed the clause making it an offense to induce a female to become an inmate of a house of prostitution to mean that the inducement must have been successful, thereby violating one of the axiomatic rules of construction that every law, if possible,

should be so construed as to give effect to all of its provisions, said:

"* * * it seems that the felony of inducing a female to become a prostitute is also complete in the presence of enticing or persuasive language, and that the word 'become' does not refer to a result additional to the inducement, but is limited to describing the subject matter of the inveigling."

Appellant complains of certain remarks made by the judge during the course of the trial and in the presence of the jury. We have carefully examined the record and find that one of the remarks was made in the course of ruling on a request by appellant's attorney that the record be cleared of names mentioned in connection with testimony of a prior immoral act of the complaining witness and the court said:

"First, I don't know why Mr. Browning let this in, but it is immaterial. Nothing has been shown that it is material."

The other was in the course of a request by the court to the prosecution that in the interest of time immaterial matters be left out. The prosecuting attorney attempted to justify the examination on the ground that it was corroborative of the story told by other witnesses. The court then said: "He [the witness] has already done that." Neither of the remarks complained of under the circumstances could have had the effect of influencing the jury in its verdict or of showing what the court thought as to the truth or untruth of the facts being testified to, and therefore could have had no prejudicial effect on the outcome of the case.

In pronouncing sentence the court sentenced appellant to a term of not less than 20 years. Sec. 103—51—8, U. C. A. 1943, provides that the crime shall carry a sentence of imprisonment "for a term of not more than twenty years." The court clearly erred in sentencing appellant for a term of not less than 20 years. However, in view of the provisions of Sec. 105—36—20, U. C. A. 1943, the

sentence though erroneous, is not void. That section provides that: "Whenever any person is convicted of any crime, except treason or murder in any of the degrees thereof * * * the court shall not fix a definite term of imprisonment; but the sentence and judgment of imprisonment in the state prison shall be for a period of time not less than the minimum and not to exceed the maximum term provided by law for the particular crime for which such person has been convicted. *Every such sentence, regardless of its form or whether it, by its terms, purports to be for a shorter or different period of time, shall, nevertheless, be construed and held to be a sentence for the term between the minimum and maximum periods of time provided by law for the particular crime of which the person is convicted, and shall continue in full force and effect until the maximum period has been reached, unless sooner terminated or commuted as provided by law.*" (Italics ours.)

It is apparent that the legislature intended that an erroneous sentence in cases coming under the indeterminate sentence law should be interpreted to have the same effect as if correctly given and the error ignored. Although the wording is different in Sec. 9063, C. L. U. 1917, dealing with the same subject matter as Sec. 105—36— 20, U. C. A. 1943, and which former statute was construed by this court in *State* v. *Gardner,* 62 Utah 62, 217 P. 976, nevertheless it is clear that the intent of the legislature was the same in both statutes. In the former statute the legislature expressly declared such an erroneous sentence should not be void, whereas in our present statute the only reasonable inference which can be deduced from its wording, is that such a judgment should not be void, but have the same effect as if correctly pronounced.

Affirmed.

WOLFE and McDONOUGH, JJ., concur.

LATIMER, Justice (concurring).

I concur.

For convenience in following my discussion I divide the first part of Section 103—51—8, U. C. A. 1943, into three clauses:

(1) "Any person who procures a female inmate for a house of prostitution"

(2) "or induces, persuades, encourages, inveigles, or entices a female to become a prostitute"

(3) *"or who by promises,* threats, violence, ,or by any device or scheme, causes, *induces,* persuades, *encourages,* takes, places, harbors, inveigles, or entices *a female to become an inmate of a house of prostitution,* or assignation place, or any place where prostitution is practiced, encouraged, or allowed." Emphasis added).

Appellant's principal contention is that he was convicted under subsection (2) and that the state failed to prove the offense because a successful inducement is an element of the offense, and there was no evidence that the complaining witness became a prostitute. His interpretation would require that we add to the language of subsection (2) the words "so as to cause her to become a prostiute." Such an interpretation seems to be precluded by the context of the act and by the wording of subsections (1) and (3). The offense as defined in subsection (1) could not be committed without a successful enticement. To procure a female inmate for a house of prostitution requires an actual procurement and the placing of the woman in the house of assignation. Subsection (3), which by transposition can be read "or by promises, induces or encourages a female person to become an inmate of a house of prostitution" sets out an offense which can be committed without the woman becoming an inmate. Mere encouragement or solicitation to become an inmate, even though unsuccessful, is being prohibited. To construe subsection (3)

to require a procurement would result in that subsection restating identical elements with those prescribed in subsection (1). Two rules of construction of statutes are that the legislature intended the entire statute to be effective and certain; and, that the act shall be construed, if possible, to give effect to all of its provisions. Unless we construe subsection (1) to require actual procurement and subsection (3) only mere solicitation, the legislature is guilty of doing a useless act by repeating itself in enumerating the elements necessary to constitute the offense.

If the legislature intended the words "encourage to become an inmate" in subsection (3) not to require a successful enticement, then when the words "encourage to become a prostitute" were used in subsection (2) they should be given the same effect. If the meaning of a word or phrase is clear in one part of an act, it should be construed to mean the same in other portions.

Viewed in the light of the foregoing rules, the legislature must have intended that the word "become" merely referred to the subject matter of the encouragement.

PRATT, Chief Justice (dissenting).

I dissent. The following two sentences illustrate my views:

(1) I invited (in the alternative: tried to procure; tried to induce; tried to persuade; tried to encourage; tried to inveigle; tried to entice; or tried to cause) him to come to my house.

The above sentence using any one of the alternatives, in place of the verb "invited", does not create in our minds the thought of accomplishment.

(2) I procured (alternatives: induced; persuaded; encouraged; inveigled; enticed; or caused) him to come to my house.

Sentence No. (2), using any one of its alternatives creates in our minds the thought that I was successful—that he succumbed to my efforts. This sentence is comparable to the charge in the present case, which, in my opinion, speaks of an accomplished fact. In view of the fact that it was so easy for the legislature to have included attempts by use of such phrases as I have used above; or by use of the words "seeks to" or "he who attempts", it appears to me that the absence of such expressions indicates that the legislature did not intend to include in pandering the unsuccessful attempts to lead the female into a life of prostitution. That such attempts should be made a crime is for the legislature to determine. The slight variations of meaning in the verbs used are intended to cover the various means used by the man to accomplish his purpose; and are not intended to indicate a difference between success and failure.