COMMONWEALTH vs. STEVEN A. FOLEY.

Norfolk.   January 8, 1987. — May 1, 1987.

Present: ARMSTRONG, CUTTER, & FINE, JJ.

*Attempt. Inducing Unlawful Sexual Intercourse. Constitutional Law,* Double
jeopardy. *Practice, Criminal,* Complaint, Double jeopardy. *Words,* "In-
duce."

Where a criminal complaint framed under G. L. c. 272, § 4, charged the
defendant with a completed offense, i.e., inducing the victim to engage
in unlawful sexual intercourse, but alleged no other overt act by the
defendant, he could not be convicted under G. L. c. 274, § 6, of attempt-
ing to commit the substantive offense. [115-116]

A criminal defendant's acquittal after trial on a complaint charging a sub-
stantive criminal offense, but not fairly alleging an attempt to commit
the offense, would not bar the Commonwealth, on double jeopardy
principles, from proceeding against him on a new complaint properly
alleging the attempt. [116-117]

COMPLAINT received and sworn to in the Quincy Division
of the District Court Department on June 12, 1985.

On appeal to the jury session the case was tried before *Robert
V. Greco,* J.

*Carol A. Donovan,* Committee for Public Counsel Services,
for the defendant.

*Charles J. Hely,* Assistant District Attorney, for the Com-
monwealth.

ARMSTRONG, J. The defendant was charged with "induc[ing
a] person under eighteen of chaste life to have unlawful sexual
intercourse." G. L. c. 272, § 4. The proof put in to support
the charge was that the defendant offered a fourteen year old
boy five dollars to engage in fellatio, and that the offer was
rejected. The defendant moved for a required finding of not
guilty, based on the premise that one who is unsuccesfully
solicited has not been induced within the meaning of § 4. The

judge agreed with the latter premise and instructed the jury that there could be no inducement within the meaning of the statute without an act of sexual intercourse.[1] The judge went on, however, to reason that since, in the words of a dictum in *Commonwealth* v. *Gosselin,* 365 Mass. 116, 121 (1974), "a charge of a completed crime logically includes a charge of an attempt to commit it," the defendant stood charged, as a lesser included offense of inducement, with an attempt to induce. The judge submitted the case to the jury on the full charge and the lesser included offense, and the jury found the defendant not guilty of inducement but guilty of the attempt. The defendant has appealed from the ensuing judgment.

The judgment must be reversed. A criminal attempt has two elements: (1) a specific intent to commit the substantive offense (see *Commonwealth* v. *Ware,* 375 Mass. 118, 120 [1978]; Perkins, Criminal Law 573 [2d ed. 1969]), and (2) an overt act towards its commission, which "must approach the achievement of the substantive crime attempted near enough to warrant criminal liability in view of such circumstances as the gravity of the crime, the uncertainty of the result, and the seriousness of any threatened danger." *Commonwealth* v. *Gosselin,* 365 Mass. at 121. On the subject of the requisite proximity, see *Commonwealth* v. *Kennedy,* 170 Mass. 18, 20-22 (1897), and *Commonwealth* v. *Peaslee,* 177 Mass. 267, 271-274 (1901). The overt act is a requirement of the attempt statute, G. L. c. 274, § 6, and the overt act relied on must be set out in the indictment or complaint. G. L. c. 277, § 79, *Attempt to commit*

---

[1] At the trial the Commonwealth took the position that "induce" meant an attempt to persuade and that the offense was complete without regard to whether it culminated in sexual intercourse. The word "induce," however, is commonly used in a sense implying success: "to move and lead (as by persuasion or influence); prevail upon; influence, persuade," Webster's Third New International Dictionary (1971), first definition. The judge ruled correctly that the general principle of construction of criminal statutes required adoption of the more restrictive construction. Out-of-State cases supporting this view include *State* v. *Miller,* 252 A.2d 321, 325 (Me. 1969); *Jefferson* v. *State,* 21 Okla. Crim. 388 (1922); *State* v. *Gates,* 118 Utah 182, 186-188 (1950). Contra *Commonwealth* v. *Stingel,* 156 Pa. Super. 359 (1944). Cf. *People* v. *Jelke,* 1 N.Y.2d 321 (1956) (statute punishing an "attempt to induce").

*crime. Commonwealth* v. *Burns,* 8 Mass. App. Ct. 194, 196-197 (1979).

The only overt act alleged in the present complaint was the completed offense, i.e., inducing the victim to engage in sexual intercourse. The Commonwealth concedes that this was not proved.[2] A solicitation was proved, but "[o]vert acts not alleged may not be relied on to satisfy this requirement." *Commonwealth* v. *Gosselin,* 365 Mass. at 121. At least for this reason the conviction must be reversed.

The defendant, relying on the dictum from the *Gosselin* decision that the judge had invoked,[3] argues that he stood in jeopardy at the trial of being convicted of the attempt, that the Commonwealth failed to prove the only overt act alleged, and that, in consequence, he may not now be retried on a charge of attempting to induce the victim to engage in sexual intercourse.[4] The quoted dictum, however, must be read in conjunction with the later discussion in the same decision (365 Mass. at 121-122) which specifically rejected a contention identical to that urged by the defendant here. Gosselin's conviction of escape (on a complaint charging a completed escape and making no mention of attempted escape) had been reversed by this court due (in pertinent part) to a failure of proof that she had left the grounds of the correctional institution. *Commonwealth* v. *Gosselin,* 1 Mass. App. Ct. 849 (1973). On further appellate review, the Commonwealth sought either resentencing, as on a conviction of attempt to escape, or a retrial on that charge. The decision of the Supreme Judicial Court "agree[d] with the Commonwealth that an attempt can be a lesser included of-

---

[2] On appeal the Commonwealth acknowledges that an act of intercourse is a component of the offense but takes the position that solicitation was alleged by the use of the word "induce." Two acts, it contends, comprise the full offense: an act of urging or encouraging and a resulting act of intercourse. We reject this construction of the word induce for the reasons explained in note 1, *supra.*

[3] The defendant's position at trial was different; there he contended that a charge of attempt was not included within the charge of the completed offense.

[4] Specifically, he is asking that this court order the entry of a required finding of not guilty on so much of the complaint as charges the crime of attempt.

fence" (365 Mass. at 117) but held that an attempt was not, in fact, charged, because, since no overt act was alleged but the completed escape (365 Mass. at 121), the "complaint lack[ed] an allegation essential to the crime proved" (365 Mass. at 122). "Since the defendant could not have been convicted of attempt to escape on the complaint in this case, she has not been in jeopardy of such a conviction, and the Commonwealth is free to charge her in a new complaint for attempt to escape." *Ibid.*

The *holding* of the *Gosselin* case, as distinct from the dictum, is that a charge of a completed crime which alleges no overt act except the completed crime does not charge an attempt to commit the completed crime.[5] That principle is dispositive of this case. It was error to submit the case to the jury on the question of attempted inducement, because the complaint did not charge an attempt. The defendant was entitled to a required finding of not guilty on the charge of inducement, and the trial on that charge does not stand as a bar to the defendant's retrial on a complaint properly charging an attempt.

> *Judgment reversed.*
>
> *Verdict set aside.*
>
> *Judgment for the defendant.*

---

[5] The dictum in the *Gosselin* case should be applied with caution for the additional reason that the crime of attempt has as an element a specific intent to commit the substantive crime. Conviction of a substantive crime does not normally require proof of a specific intent to commit that crime (see *Commonwealth* v. *Henson*, 394 Mass. 584, 594 [1985] [Hennessey, C.J., concurring]). Even the specific intent required in the so-called "specific intent" offenses, such as assault with intent to murder, *Commonwealth* v. *Henson, supra* at 592-594, or robbery, *Commonwealth* v. *Sheehan*, 376 Mass. 765, 772 (1978), does not normally comprehend all elements of the offense. See *Commonwealth* v. *Grey*, 399 Mass. 469 (1987). From this it would seem to follow that an indictment or complaint charging commission of a substantive crime does not, as a general rule, impliedly allege the specific intent which is essential to the crime of attempt.