## COMMONWEALTH *vs.* SANDRA GOSSELIN.

Middlesex.    March 4, 1974. — April 12, 1974.

Present: REARDON, QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Practice, Criminal,* Appeal. *Pleading, Criminal,* Complaint. *Escape. Imprisonment. Penal Institution. Attempt.*

The Commonwealth may, under G. L. c. 211A, § 11, seek further appellate review after a decision of the Appeals Court in a criminal case. [117]

History and analysis of the law of "lesser, included offences." [118-121]

A defendant whose conviction upon a complaint for escape from prison was set aside on appeal could not be sentenced or retried upon that complaint where the only overt act alleged therein was the completed escape [121-122]; but could be tried upon a complaint properly charging the attempt [122].

COMPLAINT received and sworn to in the First District Court of Southern Middlesex on September 13, 1971.

On appeal to the Superior Court, the case was tried before *Collins,* J.

*Terence M. Troyer,* Assistant District Attorney (*Bonnie H. MacLeod-Griffin,* Assistant District Attorney, with him) for the Commonwealth.

*David Skeels* for the defendant.

BRAUCHER, J.    The defendant was convicted by a jury of escape from the Massachusetts Correctional Institution at Framingham. G. L. c. 268, § 16A, as amended by St. 1955, .c. 770, § 83.[1] The Appeals Court sustained the defendant's

---

[1] "A prisoner who escapes or attempts to escape from the Massachusetts Correctional Institution, Framingham, or from land appurtenant thereto, or from

exceptions and ordered judgment for the defendant. *Commonwealth* v. *Gosselin*,        Mass. App. Ct.        (1973).[a] We allowed the Commonwealth's application for leave to obtain further appellate review, presenting the question whether "an attempt to commit a crime is a lesser included offense of the completed crime." We agree with the Commonwealth that an attempt can be a lesser included offence, but we hold that attempt was not fairly charged in this case and that the defendant has not been in jeopardy on such a charge. We therefore sustain the exceptions and order judgment for the defendant.

1. *Appeal by the Commonwealth.* This appears to be the first case in which the Commonwealth has sought further appellate review after a decision of the Appeals Court in a criminal case. We hold that such review is proper under G. L. c. 211A, § 11, inserted by St. 1972, c. 740, § 1. Compare G. L. c. 278 § 28E, as amended by St. 1972, c. 740, § 16; *United States* v. *Tateo,* 377 U. S. 463, 465-466 (1964). The case is not one of appeal by the Commonwealth after acquittal of the defendant. *Commonwealth* v. *Cummings*, 3 Cush. 212, 215 (1849). *Green* v. *United States*, 355 U. S. 184, 188-189 (1957). *Benton* v. *Maryland*, 395 U. S. 784, 796-797 (1969).

2. *The charges of escape and attempt to escape.* The complaint alleged that on September 11, 1971, the defendant, "being lawfully imprisoned" in the Massachusetts Correctional Institution at Framingham, "did escape therefrom." The defendant's bill of exceptions showed evidence that she was on a nature walk on land of the institution. A librarian, not classified as a correctional officer, was in charge. The defendant disappeared about 3 P.M., wandered in the woods, and was seized and returned to the institution by staff members about five hours later.

---

the custody of any officer thereof, or while being conveyed to or from said correctional institution . . . shall be punished by imprisonment in said correctional institution for a term not exceeding two years. . . ." The repeal of §16A and the incorporation of its provisions in an expanded version of § 16 by St. 1973, c. 1062, do not affect the defendant, who was convicted prior to the change. See *Commonwealth* v. *Reed,* 364 Mass. 545 (1974).

[a] 301 N. E. 2d 870.

Sustaining an exception to the denial of the defendant's motion for a directed verdict, the Appeals Court held that the evidence was insufficient to warrant a finding that the librarian was an "officer" within the meaning of G. L. c. 268, § 16A, or an inference that the defendant had left the grounds "appurtenant to" the institution. The Commonwealth does not question those rulings, and we do not consider them. Compare *Commonwealth* v. *Hughes,* 364 Mass. 426, 428-430 (1973); *Commonwealth* v. *Reed,* 364 Mass. 545 (1974).

The Commonwealth urges only that the defendant should now be sentenced for attempt to escape or that a new trial should be ordered with respect to that offence. *Commonwealth* v. *Novicki,* 324 Mass. 461, 467 (1949). It does not now press the argument that the motion for a directed verdict was properly denied if there was sufficient evidence to convict of attempt as a lesser included offence. *Commonwealth* v. *Domanski,* 332 Mass. 66, 75-77 (1954). No reference to attempt to escape appears in the substitute bill of exceptions; the point was made for the first time in argument to the Appeals Court and was not mentioned in that court's rescript opinion.

We granted further review on representations that the question was one of first impression, that the Appeals Court had decided it sub silentio, and that resolution of the question would govern further proceedings and would have a significant impact on the administration of justice.

3. *Lesser included misdemeanors.* "It is the common-law rule that when an indictment charges an offense which includes within it another lesser offense, or one of a lower degree of the same general class, the accused, although acquitted of the higher offense, may be convicted of the lesser." Anderson, Wharton's Criminal Law & Procedure, § 1799 (1957). The rule was applied to informations as well as indictments and to charges of both felonies and misdemeanors. See *Rex* v. *Hunt,* 2 Camp. 583, 584 (K. B. 1811); *Regina* v. *Ingram,* 1 Salk. 384 (1711); Deacon, Digest of the Criminal Law of England, 458 (1836). But one charged with a felony could not be convicted of a mis-

demeanor, since a defendant charged with a misdemeanor had certain rights not enjoyed by one charged with a felony. *Rex* v. *Westbeer*, 1 Leach C. C. 12, 14-15 (K. B. 1739). See Perkins, Criminal Law (2d ed.) 555 (1969).

Statute 1784, c. 66, § 11, provided that when any person should be indicted for an "aggravated crime or misdemeanor," and on trial found guilty of a part of the crime which substantially amounts to a "crime of a lower nature," the court should proceed to sentence him accordingly. By St. 1805, c. 88, § 2, the power to convict of part of an indictment for felony was restricted to cases where the part, of which the defendant was found guilty, itself constituted a felony. *Commonwealth* v. *Newell,* 7 Mass. 245, 249-250 (1810). Compare *Commonwealth* v. *Cooper*, 15 Mass. 187 (1818), overruled *Commonwealth* v. *Roby*, 12 Pick. 496, 507 (1832). The power to convict of an included misdemeanor on trial of a felony indictment was restored by Rev. Sts. c. 137, § 11 (1836). *Commonwealth* v. *Drum*, 19 Pick. 479, 480 (1837). But after 1805 the statute applied only to cases of indictment for felony. In both aspects the statute remains the same in G. L. c. 278, § 12.[2]

The present case was tried on a complaint rather than an indictment, and the offence charged was a misdemeanor. G. L. c. 268, § 16A (fn. 1, *supra*); c. 274, § 1; c. 279, § 24. *Commonwealth* v. *Cohen*, 234 Mass. 76, 77 (1919). The case is therefore not subject to G. L. c. 278, § 12, relating to included offences. Both parties have assumed in argument, however, that similar common law principles apply to a trial on a complaint charging a misdemeanor, and we do not think the Legislature has shown an intention to revise the whole subject and so to supersede the common law principles governing trial of a misdemeanor. See *Jennings* v. *Commonwealth*, 17 Pick. 80, 81-82 (1835). In *Commonwealth* v. *Barney*, 258 Mass. 609, 610 (1927), we upheld

---

[2] "If a person indicted for a felony is acquitted by the verdict of part of the crime charged, and is convicted of the residue, such verdict may be received and recorded by the court, and thereupon the defendant shall be adjudged guilty of the crime, if any, which appears to the court to be substantially charged by the residue of the indictment, and shall be sentenced and punished accordingly."

a conviction for a misdemeanor included within the charge in a complaint for a misdemeanor, citing *Commonwealth* v. *Lang,* 10 Gray 11 (1857), *Commonwealth* v. *Salah,* 253 Mass. 549 (1925), and *Commonwealth* v. *Clifford,* 254 Mass. 390, 392 (1926), all cases of conviction of a lesser included crime on a charge of felony. But compare *Campbell* v. *State,* 29 Ala. App. 91, 93 (1939), reversed on other grounds 238 Ala. 439 (1939).

4. *Attempt as an included crime.* In numerous cases courts of other States have held, without benefit of a statute specifically referring to attempts, that a charge of a completed crime necessarily includes a charge of an attempt to commit that crime. *Rookey* v. *State,* 70 Conn. 104, 112-113 (1897). *Fisher* v. *State,* 294 N. E. 2d 632, 635 (Ct. App. Ind. 1973) (escape and attempted escape). *Carson, petitioner,* 141 Maine 132, 134-135 (1944). *People* v. *Bradovich,* 305 Mich. 329, 331-332 (1943). *State* v. *Miller,* 322 Mo. 1199, 1202 (1929). In other jurisdictions the same result has been reached by statute or rule. Rule 31 (c) of the Federal Rules of Criminal Procedure, 18 U. S. C. Appendix (1970). *Simpson* v. *United States,* 195 F. 2d 721, 723 (9th Cir. 1952). See Wright, Federal Practice and Procedure, § 515 (1969); *Foster* v. *State,* 70 Ga. App. 305, 306 (1943); *State* v. *Allen,* 163 Kans. 374, 375 (1947); *State* v. *Tellock,* 273 Minn. 512, 513-514 (1966); *State* v. *Batson,* 220 N. C. 411, 413 (1941); *State* v. *Harvey,* 119 Ore. 512, 514 (1926); *State* v. *Lutheran,* 76 S. D. 561, 562 (1957); *State* v. *Prince,* 75 Utah 205, 215 (1930). The contrary decision in *People* v. *Lardner,* 300 Ill. 264, 266-267 (1921), seems to rest in substantial part on a pointless requirement of proof beyond a reasonable doubt that the attempt failed. Logically that requirement would mean that, if there were a reasonable doubt whether the attempt succeeded, the defendant could not be convicted either of the completed crime or of the attempt. We have rejected such requirements. *Commonwealth* v. *Cooper,* 15 Mass. 187 (1818). *Commonwealth* v. *Bakeman,* 105 Mass. 53, 61 (1870). *Commonwealth* v. *Dean,* 109 Mass. 349, 351-352 (1872). Compare *Commonwealth* v. *Myers,* 356 Mass. 343, 350 (1969). We

therefore accept the view that a charge of a completed crime logically includes a charge of an attempt to commit it.

5. *The problem of the overt act.* One who "attempts to commit a crime *by doing any act toward its commission,* but fails in its perpetration, or is intercepted or prevented in its perpetration," is to be punished (emphasis supplied). G. L. c. 274, § 6. That statute is not needed to warrant prosecution for an attempt to escape under G. L. c. 268, § 16A, which provides expressly for one who "escapes or attempts to escape." But we think the same principles apply to a charge of attempt to escape as to charges of other attempts. A charge of an attempt should set forth in direct terms that the defendant attempted to commit the crime, and should allege the act or acts done toward its commission. *Commonwealth* v. *Roosnell,* 143 Mass. 32, 37 (1886). *Commonwealth* v. *Crowley,* 167 Mass. 434, 442 (1897). See G. L. c. 277, § 79.

The overt acts alleged must approach the achievement of the substantive crime attempted near enough to warrant criminal liability in view of such circumstances as the gravity of the crime, the uncertainty of the result, and the seriousness of any threatened danger. *Commonwealth* v. *Kennedy,* 170 Mass. 18, 20-22 (1897). Overt acts not alleged may not be relied on to satisfy this requirement. *Commonwealth* v. *Peaslee,* 177 Mass. 267, 274 (1901). In the present case the only overt act alleged was the completed escape, and the Commonwealth does not now contend that that act was proved. There is nothing to indicate that the judge considered the possibility of a conviction of an attempt or instructed the jury with respect to such a conviction. The verdict necessarily implies a finding of intent to escape, but it carries no implication of a finding of a sufficient overt act other than the completed escape. Compare *Commonwealth* v. *Clifford,* 254 Mass. 390, 391 (1926), and *Commonwealth* v. *Novicki,* 324 Mass. 461, 467 (1949), with *State* v. *McCoy,* 114 N. J. Super. 479, 482 (1971). Even if there were such an implication, it would not cure the omission of an allegation of the overt act found.

Compare G. L. c. 277, § 35A, permitting amendments as to matters of form but not as to matters of substance. See *Commonwealth* v. *Massod*, 350 Mass. 745, 749, n. 2 (1966). The defendant could not be convicted of an attempt under a complaint lacking an allegation essential to the crime proved. Compare *Commonwealth* v. *Murphy*, 2 Allen 163, 164 (1861); *Myers* v. *Commonwealth*, 148 Va. 725, 728 (1927); *Cole* v. *Arkansas*, 333 U. S. 196 (1948).

6. *Jeopardy as to attempt*. Since the defendant could not have been convicted of attempt to escape on the complaint in this case, she has not been in jeopardy of such a conviction, and the Commonwealth is free to charge her in a new complaint for attempt to escape. G. L. c. 263, § 7. *Commonwealth* v. *Roby*, 12 Pick. 496, 504 (1832). *Commonwealth* v. *Bakeman*, 105 Mass. 53, 59-60 (1870). *Morey* v. *Commonwealth*, 108 Mass. 433, 434-435 (1871). *Nielsen, petitioner*, 131 U. S. 176, 185-190 (1889). Compare *Green* v. *United States*, 355 U. S. 184, 189-191 (1957).

7. In accordance with the decision of the Appeals Court, the defendant's exceptions are sustained, the verdict is set aside, and judgment is to be entered for the defendant.

*So ordered.*