COMMONWEALTH *vs.* DARIN J. LOURENCO. February 24, 2003. *Practice, Criminal*, Complaint, Dismissal. *Attempt. Kidnapping.*

The limited question before us on further appellate review is the adequacy of the complaint charging Darin J. Lourenco with attempted kidnapping. Specifically, the complaint alleged that Lourenco "did attempt to commit a crime against the person or property of another, to wit: to kidnap, in violation of G. L. c. 265, § 26, and G. L. c. 274, § 6." Lourenco appealed his conviction, arguing that the complaint was insufficient because it failed to allege an overt act. The Appeals Court agreed and, in an unpublished memorandum pursuant to its rule 1:28, reversed the judgment of conviction on the attempted kidnapping charge.[1] *Commonwealth* v. *Lourenco*, 54 Mass. App. Ct. 1115 (2002).

The Commonwealth's primary argument on further appellate review is that this court's decision in *Commonwealth* v. *Fernandes*, 430 Mass. 517 (1999), "implicitly overruled" earlier precedent requiring complaints and indictments alleging attempt to allege explicitly an overt act. We agree with the Appeals Court that nothing in *Fernandes* alters this principle. *Commonwealth* v. *Lourenco, supra*.

However, the Commonwealth's argument reflects a tension between two established lines of decisions. On the one hand, it is well settled that "[a]n indictment shall not be dismissed or be considered defective or insufficient if it is sufficient to enable the defendant to understand the charge and to prepare

---

[1]The Appeals Court affirmed Lourenco's conviction of assault and battery. *Commonwealth* v. *Lourenco*, 54 Mass. App. Ct. 1115 (2002).

his defense . . . ." G. L. c. 277, § 34, inserted by St. 1899, c. 409.[2] Thus, it is not necessary that a complaint or indictment allege every element of an offense.

On the other hand, it is equally well settled that a defendant cannot be convicted of attempt "under a complaint lacking an allegation essential to the crime proved," i.e., an overt act. *Commonwealth* v. *Gosselin*, 365 Mass. 116, 122 (1974). See G. L. c. 277, § 79 (sufficient form of indictment or complaint for attempt: "That A.B. did attempt to commit [a crime] . . . , and in such attempt did [*set out the overt act relied on*]; but did fail in the perpetration of said attempted offense" [emphasis in original]); *Commonwealth* v. *Peaslee*, 177 Mass. 267, 274 (1901) (Holmes, C.J.), citing St. 1899, c. 409 ("necessity that the overt acts should be alleged has been taken for granted in our practice and decisions").

Because there is a question whether the overt act requirement remains valid to describe fully and plainly the charge of attempt to the defendant, or if it reflects an anachronistic view of sufficient indictments and complaints, we shall refer the question to the standing advisory committee on the Massachusetts Rules of Criminal Procedure for study. Thereafter, the committee shall take such action as it deems appropriate.

The judgment of conviction of attempt to commit the crime of kidnapping, the sole issue before us on limited further appellate review, is reversed and the finding of guilty set aside.[3]

*So ordered.*

*Mary E. Lee*, Assistant District Attorney, for the Commonwealth.

*Kevin J. Reddington* for the defendant.


---

[2]This section of G. L. c. 277 is applicable to complaints as well as indictments. G. L. c. 277, § 79.

[3]The decision of the Appeals Court on all other issues raised on appeal, including its decision to affirm Lourenco's conviction of assault and battery, see note 1, *supra*, stands.