## COMMONWEALTH *vs.* JOSEPH D. SULLIVAN.

No. 10-P-1791.

Middlesex. March 18, 2013. - July 10, 2013.

Present: RAPOZA, C.J., CARHART, & HINES, JJ.

Further appellate review granted, 466 Mass. 1109 (2013).

*Attempt. Kidnapping. Idle and Disorderly Person. Practice, Criminal,* Post-conviction relief, Assistance of counsel.

At the trial of indictments charging, inter alia, attempted kidnapping, the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to demonstrate beyond a reasonable doubt that the defendant had an intent to confine the victim, that the intended confinement was forcible, and that the defendant committed an overt act that came near to the accomplishment of the offense. [28-30]

The evidence at the trial of indictments charging, inter alia, annoying or accosting a person of the opposite sex, in violation of G. L. c. 272, § 53, was not sufficient to prove that the defendant's conduct was offensive within the meaning of the statute, where the conduct, although offensive in a generic sense, was devoid of sexual content. [30-31]

There was no merit to a criminal defendant's claim that his conviction of attempted kidnapping was legally inconsistent with his acquittal on a charge of assault with intent to kidnap. [31]

There was no merit to a criminal defendant's claim of ineffective assistance of counsel. [31]

INDICTMENTS found and returned in the Superior Court Department on November 27, 2007.

The cases were tried before *Hiller B. Zobel,* J.; motions for a new trial and to vacate a conviction, filed on November 2, 2010, were considered by *Sandra L. Hamlin,* J.

*Dennis A. Shedd* for the defendant.

*James D. Kerr,* Assistant District Attorney, for the Commonwealth.

HINES, J. Following a jury trial, the defendant was convicted of attempted kidnapping, G. L. c. 274, § 6, and of accosting or

annoying a person of the opposite sex, G. L. c. 272, § 53.[1] On appeal, he argues that (1) the Commonwealth presented insufficient evidence to support the convictions; (2) his motion to vacate the attempted kidnapping conviction was wrongly denied; and (3) trial counsel provided ineffective assistance during the course of the trial.[2] We affirm in part and reverse in part.

1. *Sufficiency of the evidence.* The defendant challenges the jury's verdict on the attempted kidnapping charge on the ground that the Commonwealth failed to prove the required elements of the offense: a specific intent to kidnap and an overt act in furtherance of the offense. G. L. c. 274, § 6. See *Commonwealth* v. *Rivera*, 460 Mass. 139, 142 (2011). He also claims that his conviction of annoying or accosting a person of the opposite sex must be reversed because the Commonwealth failed to prove that his actions were "offensive" and "disorderly," as required by the statute. G. L. c. 272, § 53.

We review a claim of sufficiency of the evidence under the oft-repeated *Latimore* standard, viewing the evidence in the light most favorable to the Commonwealth. *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979). Under this standard, the jury could have found the following facts. At approximately 9:30 P.M. on September 28, 2007, R.M., the victim, was walking alone on Massachusetts Avenue in Cambridge. She was returning to her dormitory on the Massachusetts Institute of Technology campus after an evening class. The defendant, who was headed toward Boston in his vehicle, swerved toward R.M. and said, "Hey little girl, you look so tired. Come on over. Talk to me. Let's, you know, let's talk." R.M., who had expected a request for directions, quickly moved away and continued walking. The defendant then got out of his vehicle while the engine was still running, and walked toward her. He continued to insist that she come over to speak to him. R.M. declined to engage him in conversation and attempted to move away. The

---

[1] A not guilty verdict was returned on the charge of assault with intent to commit a felony, kidnapping, G. L. c. 265, § 29.

[2] After timely filing a notice of appeal, the defendant filed a motion for a new trial and a motion to vacate the conviction of attempted kidnapping. Both motions were denied without a hearing by a judge of the Superior Court (motion judge) who was not the trial judge. We consolidated the defendant's direct appeal with his appeal from the denials of his postconviction motions.

defendant came closer, causing her to angle her body to avoid him. Eventually, R.M. managed to continue on her way and the defendant returned to his vehicle.

Apparently changing his mind about heading into Boston, the defendant suddenly reversed his direction and followed R.M. in his vehicle as she turned onto Landsdowne Street, which at the time was dimly lit. When he caught up to her, he stopped abruptly and got out of his vehicle a second time. With the engine running and the car door open, he approached so closely that she was conscious of an unpleasant odor emanating from his body. This time, the defendant appeared angry. His tone was now more demanding than pleading as he ordered her to "get in the car." R.M. refused, and instead began reciting aloud the defendant's license plate number. At that point, the defendant "stormed off," got into his vehicle, and left the scene.

a. *Attempted kidnapping.* Casting his encounter with the victim as the product of social ineptitude rather than criminal intent, the defendant relies on a more benign view of the episode than that which the jury could have found. According to the defendant's view of the evidence, the Commonwealth established only that he approached and spoke to R.M., and that he made no threatening gestures toward her. These facts, the defendant argues, proved neither intent nor an overt act in furtherance of the crime. Following *Latimore,* however, we decline the defendant's invitation to weigh the evidence based on this self-serving and highly subjective characterization of his conduct. Consequently, we reject his claim that the evidence was insufficient to prove attempted kidnapping.

The intent element of the crime of attempted kidnapping is satisfied if the Commonwealth proves that the defendant intended to forcibly or secretly confine the victim. *Commonwealth v. Rivera,* 460 Mass. at 142. Confinement in this context means "any restraint of a person's movement." *Ibid.,* quoting from *Commonwealth v. Brown,* 66 Mass. App. Ct. 237, 241 (2006), quoting from *Commonwealth v. Lent,* 46 Mass. App. Ct. 705, 710 (1999).

An intent to confine R.M. was amply demonstrated here by the entire course of the defendant's conduct, which, seen in the light most favorable to the Commonwealth, was focused solely

on enticing the victim into his vehicle. Any purpose simply to engage her in conversation was belied by his persistent entreaties, even when it became clear that she did not wish to speak to him. He got out of his vehicle twice, both times leaving the engine running and on the last occasion leaving the car door open. Contrast *Commonwealth* v. *Banfill*, 413 Mass. 1002, 1003 (1992) (intent to confine not shown where the defendant did not "make a move toward" the victim or open the door of his vehicle). Any ambiguity in the defendant's intent was likely resolved when he reversed his direction, followed R.M. onto a dimly lit street, cornered her in close proximity to his open vehicle, and shifted his tone from a plea to a demand that she "get in the car."

We next consider whether the intended confinement was forcible. Forcible confinement may be effected by either actual or constructive force. See *Commonwealth* v. *Titus*, 32 Mass. App. Ct. 216, 221 (1992) (physical force not necessary if the confinement may be accomplished by the display of potential or constructive force). Here, the defendant reversed his direction and confronted R.M. at arm's length on a dimly lit street. And he did so while standing near his vehicle with the engine running and the door open. Having placed R.M. in this position, he demanded that she "get in the car" using a tone that she perceived as angry. On these facts, the jury could have found that the defendant used constructive force in an attempt to confine R.M. in his vehicle.[3]

The second element of the crime of attempted kidnapping is an overt act that comes "near enough to the accomplishment of the substantive offence to be punishable." *Commonwealth* v. *Bell*, 455 Mass. 408, 412 (2009), quoting from *Commonwealth* v. *Peaslee*, 177 Mass. 267, 271 (1901). Here, the overt act element is well established by the defendant's conduct on Landsdowne Street, where he cornered R.M. and angrily demanded that she "get in the car." The jury also could have found that but for R.M.'s recitation of the defendant's license plate number,

---

[3]Given our determination that there was sufficient evidence to find that the defendant intended to forcibly confine R.M., we need not address whether the defendant also intended to secretly confine her. Compare *Commonwealth* v. *Rivera*, 460 Mass. at 142-144.

thereby demonstrating an ability to identify him, the crime might have been completed.

b. *Annoying or accosting a person of the opposite sex.* Under G. L. c. 272, § 53, the statute providing criminal penalties for disorderly conduct, "persons who with offensive and disorderly acts or language accost or annoy persons of the opposite sex . . . may be punished."[4] The plain language of the statute requires the Commonwealth to prove conduct (acts or language) that is both "offensive" and "disorderly" (the latter construed to include "threatening," see *Commonwealth* v. *Chou*, 433 Mass. 229, 233-235 [2001]) to a reasonable person. In addition, such conduct must be employed to either "annoy" or "accost" a person of the opposite sex. Recognizing the potential for conflict with the First Amendment to the United States Constitution, our appellate cases have defined with some precision the parameters of "offensive" and "disorderly" conduct punishable under the statute. See, e.g., *Commonwealth* v. *Feigenbaum*, 404 Mass. 471, 474 (1989) (construction of the term "idle and disorderly" in § 53); *Commonwealth* v. *Chou*, 433 Mass. at 231 n.2. Here, however, we address only the definition of "offensive" conduct because we conclude that the Commonwealth failed to meet its burden to prove this element of the offense.

Although the defendant's conduct may have been offensive in a generic sense, it did not comport with the legal definition of that term. Offensive conduct under the statute is that which causes "displeasure, anger or resentment" and is "repugnant to the prevailing sense of what is decent or moral." *Commonwealth* v. *Cahill*, 446 Mass. 778, 781 (2006), quoting from Black's Law Dictionary 1113 (8th ed. 2004). In determining whether conduct is not "decent or moral" within the meaning of the statute, our appellate cases suggest an intent to reach sexually explicit language or acts. See, e.g., *Commonwealth* v. *Cahill*, *supra* at 779-781 (grabbing and holding a female coworker with the comment, "I love you"); *Commonwealth* v. *Moran*, 80 Mass. App. Ct. 8, 10 (2011) (mimicking masturbation while inviting the victim's attention to the act). Moreover, the explicit

---

[4]The 2009 amendments to the statute, see St. 2009, c. 27, § 98, are inapplicable here. In any event, the quoted language was retained in the amended statute.

prohibition of offensive conduct toward a person of the opposite sex itself lends weight to an interpretation requiring a sexual context. The Commonwealth has not drawn our attention to any case, and we have found none, where nonsexual conduct was deemed "offensive" under the accosting or annoying prong of G. L. c. 272, § 53. In this case, where the conduct was offensive in a generic sense but otherwise devoid of sexual content, the evidence was insufficient to prove this element of the offense charged.

The remaining issues require little discussion.

2. *Motion to vacate conviction of attempted kidnapping.* The defendant argues that the motion judge erroneously denied his motion to vacate the conviction of attempted kidnapping on the ground that it is legally inconsistent with his acquittal on the assault with intent to kidnap charge. The legal inconsistency arises, he argues, because the trial judge's instructions defined assault with the intent to kidnap as a lesser included offense of the attempted kidnapping charge. This characterization of the judge's instructions, which properly defined assault in the context of the evidence presented to the jury, is incorrect. Thus, there was no error in the motion judge's refusal to vacate the conviction of attempted kidnapping.

3. *Ineffective assistance of counsel.* The defendant asserts a litany of alleged deficiencies in trial counsel's performance in support of his ineffective assistance of counsel claim. We "examine the motion judge's conclusion only to determine whether there has been a significant error of law or other abuse of discretion. . . . When, as here, the motion judge did not preside at trial, . . . we regard ourselves in as good a position as the motion judge to assess the trial record." *Commonwealth* v. *Grace*, 397 Mass. 303, 307 (1986).

Applying the familiar standard set out in *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974), we conclude that even if counsel's representation fell "measurably below that which might be expected from an ordinary fallible lawyer," the defendant has failed to meet his burden to show that he was "likely deprived . . . of an otherwise available, substantial ground of defence." *Ibid.* Accordingly, there is no merit in his claim of ineffective assistance of counsel.

4. *Conclusion.* On the indictment charging attempted kidnapping, the judgment is affirmed. On the indictment charging annoying or accosting a person of the opposite sex, the judgment is reversed, the verdict is set aside, and judgment shall enter for the defendant. The orders denying the motions for postconviction relief are affirmed.

*So ordered.*