NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

12-P-787                                        Appeals Court


        COMMONWEALTH  vs.  ROBERT ALDRICH (NO. 1).


                    No. 12-P-787.

    Middlesex.      March 4, 2015. - August 26, 2015.

        Present:  Cohen, Hanlon, & Sullivan, JJ.


Larceny.  Attempt.  Practice, Criminal, Duplicative convictions.



        Indictments found and returned in the Superior Court
Department on February 7, 2008.

        The cases were tried before Christopher J. Muse, J., and a
motion for a new trial was considered by him.


        Robert Herrick for the defendant.
        Kevin J. Curtin, Assistant District Attorney (Nicole
Allain, Assistant District Attorney, with him) for the
Commonwealth.


        SULLIVAN, J.  The defendant, Robert Aldrich, appeals from

his convictions of unarmed burglary in the nighttime (count I),

two counts of larceny over $250 (counts II and III), attempted

larceny (count IV),[1] and from the order denying his motion for new trial. He contends that the two larceny convictions are duplicative, and that his conviction of attempted larceny is duplicative of one of the larceny convictions. We conclude that the two larceny convictions are not duplicative because the facts support two convictions based on two separate takings. We further conclude that attempted larceny is a lesser included offense of larceny, and that, on the facts presented, the attempted larceny conviction is duplicative of one of the larceny convictions.[2]

Background. On January 6, 2008, at approximately 5:30 A.M., a 911 dispatcher received a telephone call from the owner of a single-family home in Cambridge. The caller relayed that she had been awakened by the sound of a door closing and, upon investigation, had found an uninvited man in her home. Two police officers observed a man, later identified as the defendant, at the front door of the caller's home, along with a stack of items on the front porch that later were identified as the homeowner's possessions. As the officers approached, the

---

[1] The Commonwealth also sought sentencing enhancement as an habitual offender.

[2] The defendant also presented other arguments, which we address in a memorandum and order pursuant to our rule 1:28, issued this same day. Commonwealth v. Aldrich (No. 2), 88 Mass. App. Ct.    (2015).

defendant slammed the front door and ran inside toward the back of the house. Other police officers at the rear of the house then saw the defendant jump through an open window "Superman-style" and land face down in the snow. The police found an eyeglass screwdriver underneath the defendant. An officer on the scene compared the screwdriver with marks found near the latch of the window, and testified that the marks were consistent with the screwdriver found underneath the defendant.

After the defendant's arrest, the police learned that foreign currency was missing from the homeowner's foyer. At the police station, officers took and inventoried the defendant's wallet, which contained foreign currency from five different countries. When the booking officer's back was turned, the defendant retrieved the money. The money subsequently was discovered in the ceiling of the cell in which the defendant had been held.

The defendant appeared pro se at trial. His primary defense was that various workers had keys to the house, and that no break had occurred.

Discussion. Represented by counsel on appeal, the defendant now contends that (1) the two convictions of larceny of over $250 in foreign currency are duplicative; and (2) one of the convictions of larceny of over $250 in foreign currency and the attempted larceny conviction are duplicative.

1.  Larceny of foreign currency.  "[S]uccessive takings of property actuated by a single, continuing criminal impulse or intent or pursuant to a general larcenous scheme may, but need not, be charged as one crime."  Commonwealth v. Murray, 401 Mass. 771, 774 (1988).  Where the convictions "are derived from separate and discrete acts, those convictions cannot be duplicative."  Commonwealth v. Mahoney, 68 Mass. App. Ct. 561, 566 (2007).

Here, the jury properly could have found that the defendant took foreign currency that did not belong to him at two different times and in two different locations -- once from the homeowner's foyer, and a second time from the booking area at the police station.  The defendant's contention that the police did not have an ownership or possessory interest in the currency is of no moment.  To sustain a conviction of larceny over $250, the Commonwealth must establish that the defendant stole the property "of another."  G. L. c. 266, § 30, as amended by St. 1945, c. 282, § 2.  "Direct proof of ownership, though preferable, is not essential, since the statute only requires a showing that the defendant was not the owner."  Commonwealth v. Souza, 397 Mass. 236, 238 (1986).  As we stated in Commonwealth v. Kiernan, 348 Mass. 29, 50 (1964), cert. denied, 380 U.S. 913 (1965), "[a]n averment and a showing that a possessory or other property interest in the thing stolen is in someone other than

the thief and proof that the thief knew that he had no right to the property taken are sufficient."  Compare Commonwealth v. Pimental, 54 Mass. App. Ct. 325, 328 (2002) (defendant received custody of weapons through official capacity as police officer, but did not become owner with continued custody; retention and later disposition amounted to theft of property of another).

2.  Larceny and attempted larceny.  The defendant also contends that the convictions of larceny of the foreign currency from the home and attempted larceny of the items removed from inside the house and placed on the porch were part of a single larcenous act "at a single time and at a single place" and are therefore duplicative.  Commonwealth v. LeBeau, 451 Mass. 244, 262-263 (2008).[3]  Because this issue was not raised below, we review for error, and if there is error, whether the error created a substantial risk of miscarriage of justice.  Commonwealth v. Randolph, 438 Mass. 290, 294-295 (2002).

There is little doubt that the taking of the foreign currency from the home and the attempt to take the personal belongings on the porch arose out of a single course of conduct, and were part of a single larcenous scheme.  See LeBeau, supra.[4]

---

[3] No argument has been made on appeal that the larceny was complete once the goods were placed on the porch.  See Commonwealth v. Vickers, 60 Mass. App. Ct. 24, 27-28 (2003).

[4] In LeBeau, the "relevant evidence demonstrate[d] that the defendant . . . searched the victim's one-room apartment;

Where one crime is a lesser included offense of the other, or where there are multiple counts of the same offense, multiple convictions must rest on separate and distinct acts. See Commonwealth v. Vick, 454 Mass. 418, 435-436 (2009), and cases cited; Commonwealth v. Kelly, 470 Mass. 682, 700-701 (2015). However, if the Legislature has explicitly authorized convictions of separate and distinct statutory offenses arising out of the same course of conduct, the convictions are not duplicative. Vick, supra. We therefore must determine whether attempted larceny is a lesser included offense of larceny, or whether the Legislature intended attempted larceny to be a separate and distinct offense.

In determining whether one offense is a lesser included offense of another, the "traditional rule in Massachusetts . . . is that a defendant may properly be punished for two crimes arising out the same course of conduct provided that each crime requires proof of an element that the other does not. . . . As long as each offense requires proof of an additional element that the other does not, neither crime is a lesser-included offense of the other, and convictions on both are deemed to have

---

discovered, and took, cash, two rings, and the Keno tickets; and fled. Because . . . there was 'but one incident' of taking from the victim, at a single time and at a single place, the defendant properly should have been indicted on only one charge of larceny." Id. at 262-263 (citation omitted).

been authorized by the Legislature and hence not [duplicative]." Id. at 431 (citations omitted). See Morey v. Commonwealth, 108 Mass. 433, 434 (1871). Vick, supra, requires an elements-based, not a conduct-based, analysis.

Applying the Vick framework, the elements of larceny are: (1) the unlawful taking and (2) carrying away (3) of the property of another, (4) with the specific intent to deprive the person of the property permanently. See G. L. c. 266, § 30; Commonwealth v. Donovan, 395 Mass. 20, 26 (1985); Commonwealth v. Liebenow, 470 Mass. 151, 156 (2014). The elements of attempt also are defined by statute.[5] Our case law has not been wholly consistent with respect to whether noncompletion is an element of the offense of attempt. Most recently, the elements have been stated as follows: (1) the intent to commit the underlying offense, (2) an overt act toward its commission, and (3) "nonachievement of the substantive crime." Commonwealth v. Bell, 455 Mass. 408, 412 (2009), citing G. L. c. 274, § 6.[6]

---

[5] General Laws c. 274, § 6, provides in pertinent part: "Whoever attempts to commit a crime by doing any act toward its commission, but fails in its perpetration, or is intercepted or prevented in its perpetration, shall, except as otherwise provided, be punished as follows."

[6] Bell, supra, states that nonachievement of the substantive offense is an element of the offense. Several earlier cases had stated that there are two elements to a criminal attempt, intent and an overt act. See, e.g., Commonwealth v. Peaslee, 177 Mass. 267, 271 (1901); Commonwealth v. Ortiz, 408 Mass. 463, 470 (1990); Commonwealth v. Rivera, 460 Mass. 139, 142 (2011);

Nonachievement is defined as an overt act that "fail[ed] in its perpetration, or [wa]s intercepted or prevented in its perpetration."  G. L. c. 274, § 6.  See, e.g., Commonwealth v. Marzilli, 457 Mass. 64, 66 (2010); Commonwealth v. Dixon, 34 Mass. App. Ct. 653, 655 (1993); Nolan & Sartorio, Criminal Law § 652 (3d ed. 2001).

At first blush, under a strict Vick analysis, the recitation of the elements of the offenses of attempt and larceny, as set forth in Bell and Liebenow, suggest that each crime contains an element the other does not, because larceny requires the completed acts of taking and carrying away, while attempted larceny requires an overt act coupled with a failure of completion.  However, our case law historically has treated attempt as a lesser included offense of the substantive crime.[7]  See Commonwealth v. Gosselin, 365 Mass. 116, 121 (1974) (in

---

Commonwealth v. Sullivan, 84 Mass. App. Ct. 26, 27-30 (2013), S.C., 469 Mass. 621 (2014).  But see Commonwealth v. Gosselin, 365 Mass. 116, 120-121 (1974) (stating, in dicta, that failure is not an element of the offense of attempt, without discussion of G. L. c. 274, § 6).  Our attempt statute is one of several that reference not only an overt act, but failure, interception, or interruption.  See, e.g., Cal. Penal Code § 664 (West 2010); Fla. Stat. Ann. § 777.04 (West 2010); Idaho Code Ann. § 18-306 (West 2014); Kan. Stat. Ann. § 21-5301 (West 2014); Mich. Comp. Laws Ann. § 750.92 (West 2004); R.I. Gen. Laws Ann. § 11-41-6 (West 2006); Vt. Stat. Ann. 13, § 9 (2009).

[7] In some jurisdictions the Legislature has defined attempt crimes as lesser included offenses by statute.  See, e.g., 720 Ill. Comp. Stat. Ann. 5/2-9 (West 2002); Minn. Stat. Ann. § 609.04 (West 2009); N.Y. Penal Law § 110.00 (McKinney 2009).

dictum, "[A] charge of a completed crime logically includes a charge of an attempt to commit it"); Commonwealth v. Porro, 458 Mass. 526, 533 (2010) (attempted battery is lesser included offense of battery). See also Commonwealth v. Banner, 13 Mass. App. Ct. 1065, 1066 (1982) (attempt is lesser included offense, relying on Gosselin); Commonwealth v. Capone, 39 Mass. App. Ct. 606, 609 (1996) (same, in dicta); Nolan & Sartorio, Criminal Law § 652, at 652 n.18 (3d ed. 2001) (same, citing Gosselin and Banner). In Porro, supra, the court concluded that the "attempted battery theory of assault is clearly a lesser included offense of intentional assault and battery; the elements are the same except that intentional assault and battery contains the additional element that the battery be completed by an actual touching of the victim."

We construe Porro to mean that completion of a substantive offense and the noncompletion of the objective of the overt act are not separate and distinct elements for purposes of double jeopardy analysis, and conclude that the present case is controlled by Porro.[8] Completion and noncompletion are two sides of the same coin -- the presence or absence of a single element.

_____

[8] Our holding relies on the reasoning in Porro, not Gosselin, as later developments have called into question the outcome in Gosselin. See Brown v. Ohio, 432 U.S. 161, 166-169 (1977); Commonwealth v. D'Amour, 428 Mass. 725, 748 (1999). See also Commonwealth v. Lourenco, 438 Mass. 1018, 1019 (2003).

Put another way, "a 'lesser included offense is one which is necessarily accomplished on commission of the greater crime.'" Id. at 531, quoting from Commonwealth v. D'Amour, 428 Mass. 725, 748 (1999). Therefore, whether noncompletion is a separate element of attempt, or a further refinement of the definition of the overt act, is immaterial, because under either formulation, attempted larceny is a lesser included offense of larceny.

Treating completion and noncompletion as the presence or absence of a single element, rather than distinct elements of separate offenses, serves the purpose of our common law of double jeopardy. This approach addresses the concern that defining attempt and the substantive offense as separate crimes opens the door to strained and inconsistent verdicts, including acquittal of both attempt and the substantive offense in successive prosecutions. See Perkins & Boyce, Criminal Law, at 615 (3d ed. 1982). See also Gosselin, 365 Mass. at 121. "Lesser included offenses serve an important purpose by allowing the jury to convict of the offense established by the evidence, rather than forcing them to choose between convicting the defendant of an offense not fully established by the evidence or acquitting, even though the defendant is guilty of some offense." Porro, supra at 532 (citation omitted).

We also acknowledge our dicta in Commonwealth v. Foley, 24 Mass. App. Ct. 114, 117 n.5 (1987), which cautioned against

reflexively treating attempt as a lesser included offense, because attempt crimes have as an element a specific intent to commit all of the elements of the offense, while most crimes (including larceny) do not require specific intent as to all of the elements of the substantive offense.  In some circumstances, where one crime carries a requirement of specific intent and another is a general intent crime, the crimes are not duplicative because each has an element that the other does not.[9] Although the question of general versus specific intent was not expressly discussed in Porro, we understand the reasoning in Porro to mean that there are offenses in which the attempt and the substantive offense are so closely related that the purposes of the lesser included offense jurisprudence are not served by a strict application of the doctrine with respect to the element of intent.  This is one such case.[10]

---

[9] For example, in Vick, the court held that armed assault with intent to murder is not duplicative of assault and battery by means of a dangerous weapon causing serious bodily injury, not only because of the use of a weapon and proof of a battery, but because armed assault with intent to murder requires proof of specific intent to kill, while assault and battery by means of a dangerous weapon causing serious bodily injury requires only a showing of general intent.  454 Mass. at 432.

[10] We also recognize that there is, as a practical matter, residual tension between Porro, supra at 532, which states the general rule that a single indictment for the greater offense allows the jury to be instructed as to the lesser included offense, and Gosselin, 365 Mass. at 121-122, which held that the trial court had no jurisdiction over the crime of attempt where the criminal complaint, which alleged a completed escape, failed

We hold that attempted larceny is a lesser included offense of larceny, and that the two offenses are, for purposes of double jeopardy, a single offense. Because the verdict here was based on a single act of larceny, the conviction of the lesser offense must be vacated. See LeBeau, 451 Mass. at 262-263. See also Commonwealth v. Kelly, 470 Mass. at 700-701 (substantial risk of miscarriage of justice standard applied to duplicative convictions).

Accordingly, on the indictment charging attempted larceny (count IV), the judgment is vacated, the verdict and the habitual offender finding are set aside, and the indictment is to be dismissed. The remaining judgments are affirmed. The order denying the defendant's motion for new trial is affirmed.

So ordered.

---

to allege an overt act short of a completed escape. See Foley, supra at 117 (judge improperly submitted case to jury on the charge of inducement and attempted inducement, where indictment failed to allege overt act). See also G. L. c. 277, § 79; Criminal Model Jury Instructions for Use in the District Court 4.120 n.6 (2014) (citing Gosselin and Foley). The Supreme Judicial Court has observed the apparent conflict between Gosselin and other decisions holding that an indictment that does not allege all of the elements of the crime may be sufficient, stating "there is a question whether the overt act requirement remains valid to describe fully and plainly the charge of attempt to the defendant, or if it reflects an anachronistic view of sufficient indictments and complaints." Commonwealth v. Lourenco, 438 Mass. 1018, 1019 (2003) (referring question to advisory committee on Massachusetts Rules of Criminal Procedure).