NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

08-P-986                                          Appeals Court

COMMONWEALTH  vs.  DAVID COUTU.

No. 08-P-986.

Middlesex.      September 17, 2015. - September 15, 2016.

Present: Katzmann, Meade, & Rubin, JJ.

Burning of Property. Attempt. Practice, Criminal, Required
     finding.

Indictment found and returned in the Superior Court
Department on August 15, 2006.

The case was tried before S. Jane Haggerty, J.

After review by the Appeals Court, the Supreme Judicial
Court denied leave to obtain further appellate review, but
remanded the case to the Appeals Court for reconsideration.

Amy M. Belger for the defendant.
Randall F. Maas & Bethany Stevens, Assistant District
Attorneys, for the Commonwealth.

MEADE, J. In Commonwealth v. Coutu, 88 Mass. App. Ct. 686

(2015) (Coutu No. 1), this court affirmed the defendant's

convictions of aggravated rape, home invasion, mayhem, armed

robbery, and kidnapping, and reversed his convictions of assault

and battery by means of a dangerous weapon causing serious bodily injury and attempt to burn personal property. Thereafter, the Commonwealth sought further appellate review and challenged the reversal of the defendant's conviction of attempt to burn personal property. The Supreme Judicial Court denied the application without prejudice and remanded the matter to this court.[1] Commonwealth v. Coutu, 474 Mass. 1103 (2016). On remand, we have been instructed to reconsider our reversal of that conviction (based on insufficient evidence) in light of Commonwealth v. LaBrie, 473 Mass. 757 (2016). Having done so, we now affirm the defendant's conviction of attempt to burn personal property.

The facts of this case are set out in detail in Coutu (No. 1), supra at 687-692. In broad outline, the defendant, a stranger to the victim, broke into her apartment by tunneling through the wall of an adjacent apartment with a crowbar, and then beat and raped the victim with the crowbar before setting fire to a box of items. Relative to the attempted arson, we recited the following facts, which occurred after the defendant repeatedly struck the victim's head with the crowbar until she "was completely out":

---

[1] The defendant's application for further appellate review, and the Commonwealth's separate application for further appellate review in connection with another portion of the case, were denied. Commonwealth v. Coutu, 474 Mass. 1103 (2016).

> "When the victim regained consciousness, she saw a pool of blood next to her and she smelled smoke. The smoke was coming from a box the defendant had stuck in a hole in the wall. She dragged the flaming box into the bathtub and retrieved a fire extinguisher from the kitchen. After reading the instructions, she was able to use it to extinguish the fire."

Id. at 689.

At the time of the release of Coutu (No. 1), the Supreme Judicial Court's most recent cases discussing attempt under the general attempt statute, G. L. c. 274, § 6, required proof of three elements:  (1) the intent to commit the substantive crime, (2) an overt act in furtherance of commission of the substantive crime, and (3) nonachievement of the substantive offense. See Commonwealth v. Bell, 455 Mass. 408, 412 (2009); Commonwealth v. Marzilli, 457 Mass. 64, 66 (2010).

In Commonwealth v. LaBrie, 473 Mass. at 764, the court held that even though there was support in its prior cases for the proposition that the crime of attempt had three elements, the court was no longer going to follow that analysis. As a result, "nonachievement of the substantive crime" has been demoted from its erstwhile status as an element of the crime of attempt. Ibid. Instead, that language has been relegated as "a further refinement of the definition of the overt act." Ibid., quoting from Commonwealth v. Aldrich (No.1), 88 Mass. App. Ct. 113, 118 (2015). As the court explained, the nonachievement language reinforces the fact "that attempt is a crime separate

and distinct from the substantive offense to which it is connected, one that focuses on, and punishes, acts that threaten the accomplishment of the substantive offense, not the substantive offense itself."  Commonwealth v. LaBrie, supra.  With that said, the court nonetheless noted that

> "[t]he substantive crime is clearly both relevant and important, because what the crime of attempt aims to punish are acts that bear a proximate relation to that crime; put another way, the substantive crime helps to define and delimit what acts may have the requisite proximity.  But the acts stand on their own, and whether a particular act qualifies as an overt act that, combined with proof of the requisite intent, constitutes a criminal attempt does not depend on whether the substantive crime has or has not been accomplished."

Commonwealth v. LaBrie, supra at 763.[2]

To be sure, the defendant here was not convicted under the general attempt statute.  Rather, his attempted arson conviction arose from his violation of G. L. c. 266, § 5A.  Under § 5A, an attempt is separately defined as:

> "The placing or distributing of any flammable, explosive or combustible material or substance or any device in or against any building, structure or property mentioned in the foregoing sections in an arrangement or preparation with intent eventually to wilfully and maliciously set fire to or burn such building, structure or property, or to procure the setting fire to or burning of the same shall, for the purposes of this section, constitute an attempt to burn such building, structure or property."

---

[2] The court reached this conclusion even though it approved the judge's instruction that, in part, told the jury that "[a]ttempted murder only exists if there's not an actual murder, of course."  Commonwealth v. LaBrie, supra at 765.

As we noted in Coutu (No. 1), supra at 701, this codified definition of attempt for purposes of arson relaxed the stricter common-law requirements set forth in Commonwealth v. Peaslee, 177 Mass. 267, 271-272 (1901), and Commonwealth v. Ali, 7 Mass. App. Ct. 120, 123 (1979).  In consideration of that, and the Supreme Judicial Court's removal of nonachievement of the substance crime as an element of a general attempt, whether an attempt is necessarily inchoate is no longer determinative of the issue before us.  See Commonwealth v. LaBrie, supra.  Thus, we must reevaluate our earlier conclusion that the evidence was insufficient to support the conviction.  Here, even though, in the light most favorable to the Commonwealth, the evidence showed that the box of items was actually ablaze before the victim extinguished it, and the jury could have concluded that the defendant achieved the substantive crime of arson,[3] his

---

[3] In Commonwealth v. LaBrie, supra at 764, the court illustrated the consequence of a contrary rule by citing United States v. York, 578 F.2d 1036, 1039 (5th Cir.), cert. denied, 439 U.S. 1005 (1978), where the United States Court of Appeals for the Fifth Circuit held that "requiring the government to prove failure as an element of attempt would lead to the anomalous result that, if there were a reasonable doubt concerning whether or not a crime had been completed, a jury could find the defendant guilty neither of a completed offense nor of an attempt."  See Commonwealth v. Gosselin, 365 Mass. 116, 120 (1974) (stating, in dictum, that requiring proof beyond reasonable doubt that attempt failed would mean that "if there were a reasonable doubt whether the attempt succeeded, the defendant could not be convicted either of the completed crime or of the attempt.  We have rejected such requirements").

conviction of attempted arson must stand.[4]  On the indictment charging attempt to burn personal property, the judgment is affirmed.

Judgment affirmed.

---

[4] The defendant also claims that the Commonwealth failed to identify the property at issue that the defendant attempted to burn.  We disagree.  The statute punishes, among other specified property, the burning of "any personal property."  G. L. c. 266, § 5.  The indictment, which was provided to the jury during deliberations, specified that the property at issue was a "cardboard box and contents."  The victim testified that the box likely belonged to her, as she was planning to move at the time of the attack and had cardboard boxes in her apartment. The box was so weighed down with its contents that the victim had to drag it to the bathroom.  In the light most favorable to the Commonwealth, this was sufficient to identify the items as personal property.  Finally, in a single sentence without supporting authority, the defendant claims the judge failed to instruct the jury that they had to find an item of property enumerated in § 5 was the property that the defendant attempted to burn.  This does not suffice for purposes of appellate argument pursuant to Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975), and we treat it as waived.  See Commonwealth v. Lawton, 82 Mass. App. Ct. 528, 541 n.13 (2012).